517 S.E.2d 77 (1999)
237 Ga. App. 824
In the Interest of T.J.B., a child.
No. A99A0376.
Court of Appeals of Georgia.
April 29, 1999.
Luz F. Cloy, Darien, for appellant.
Stephen D. Kelley, District Attorney, W. Franklin Aspinwall, Jr., Assistant District Attorney, for appellee.
*78 McMURRAY, Presiding Judge.
T.J.B. filed this appeal after his adjudication of delinquency for committing acts which could constitute a violation of Georgia's Controlled Substances Act were he not a juvenile. T.J.B.'s sole enumeration of error challenges the denial of his motion to suppress.
At about 5:30 in the afternoon on August 7, 1998, Narcotics Investigator Ken Howard of the City of Brunswick Police Department was on routine patrol when he observed 16-year-old T.J.B. bicycling through an area known for illegal drug activity. Although Investigator Howard was acquainted with T.J.B. and was aware that T.J.B. was a member of this community, he became suspicious because T.J.B. deviated from his usual pattern of stopping during the investigator's street-side visits with "other subjects who hang out at the same location on a daily basis." Investigator Howard followed T.J.B. as the juvenile bicycled through the area and, during this surveillance, noticed that T.J.B. "didn't look back, didn't acknowledge [his] presence behind him." Investigator Howard lost contact with T.J.B. for about five minutes but then observed the juvenile exit a house which (according to Investigator Howard) T.J.B. had no reason to visit. "T.J.B. walked down the steps, ... picked up his bicycle, ... looked up, saw [Investigator Howard] watching him [and] immediately got on his bicycle and proceeded north bound on Wolfe Street." Investigator Howard "suspected that [T.J.B.] was up to something" so he dispatched a radio alert and "advised any officer in the area to keep an eye out for [T.J.B.]."
Officer Garrett Hogue of the City of Brunswick Police Department testified that he received Investigator Howard's radio dispatch and that he was "advised by Investigator Howard of some drug activity involving a... male on a bicycle wearing a red and white striped shirt." Officer Hogue testified that, when he spotted T.J.B., the juvenile made a sharp turn away from him and "began to increase his speed on his bike." Officer Hogue testified that he followed T.J.B. and decided, after observing T.J.B. "pedaling his bike through the campus of Risley Alternative School," to "cut him off" as T.J.B. exited the school's fenced playground. Officer Hogue testified that he waited for T.J.B. and confronted the juvenile as he "[came] out from the fence." Officer Hogue explained that he "asked [T.J.B.] if [he] could talk to him and [that T.J.B.] replied [that the officer] could." Officer Hogue testified that he then "approached [T.J.B.] and asked him if he had any weapons on his person, for officer safety[; that he informed T.J.B.] that [he] was going to pat him down for officer safety [and that T.J.B.] said that no, he did not." Officer Hogue testified that he felt a hard plastic object in T.J.B.'s back pocket; that this object felt like a pill bottle and that he seized this suspected pill bottle and found a substance inside which appeared to be cocaine. Held:
Because Officer Hogue covertly intercepted and stopped T.J.B. while the juvenile was riding a bicycle, our analysis involves the legitimacy of a vehicle stop and is controlled by law set out in Vansant v. State, 264 Ga. 319, 443 S.E.2d 474. In Vansant, the Supreme Court of Georgia held:
Although an officer may conduct a brief investigative stop of a vehicle (see Delaware v. Prouse, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979)), such a stop must be justified by "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Terry v. Ohio, 392 U.S. 1, 21, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). See also United States v. Brignoni-Ponce, 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975). The U.S. Supreme Court recognized the difficulty in defining "the elusive concept of what cause is sufficient to authorize police to stop a person," and concluded that the essence of the elusive concept was to take the totality of the circumstances into account and determine whether the detaining officer has "a particularized and objective basis for suspecting the particular person stopped of criminal activity." United States v. Cortez, 449 U.S. 411, 417-418, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981). "This demand for specificity in the information upon which police action is predicated is the central teaching of (the Supreme Court's) Fourth Amendment jurisprudence." Terry v. Ohio, supra at 21, n. 18 [88 S.Ct. 1868].
Vansant v. State, 264 Ga. 319, 320(2), 443 S.E.2d 474, supra.
*79 In the case sub judice, neither Investigator Howard nor Officer Hogue could identify any aspect of T.J.B.'s behavior which pointed to the juvenile's involvement in criminal activity. The officers' testimony shows only that T.J.B. was deliberately avoiding contact with law enforcement officers by evasively maneuvering his bicycle in an area known for illegal drug transactions. Such circumstances may indicate that T.J.B. was not projecting his usual affable persona toward law enforcement officers, but the circumstances do not establish a particularized and objective basis for suspecting T.J.B. of criminal activity sufficient to justify an investigatory stop under Terry v. Ohio, 392 U.S. 1, 21, 88 S.Ct. 1868, supra. See Hughes v. State, 269 Ga. 258(1), 497 S.E.2d 790.
Our opinion would not be different even if Officer Hogue's encounter with T.J.B. had started out as a consensual first-tier police-citizen encounter, outside the Fourth Amendment's scope. See Pace v. State, 219 Ga.App. 583, 585, 466 S.E.2d 254. Although the consensual encounter does not require a reasonable or founded suspicion for approaching an individual, a pat down search during such an encounter, for officer safety, must usually be supported by the articulable suspicion standards set out in Terry v. Ohio, 392 U.S. 1, 21, 88 S.Ct. 1868, supra. This requisite is lifted only when the circumstances indicate that the citizen may be armed or dangerous. See State v. King, 227 Ga.App. 466, 468, 489 S.E.2d 361, and Pace v. State, 219 Ga.App. 583, 585-586, 466 S.E.2d 254, supra. Since such circumstances do not appear in the case sub judice and since Officer Hogue's testimony indicates that T.J.B. had no choice but to consent to being searched, Officer Hogue's search of T.J.B. was not authorized.
The juvenile court erred in denying T.J.B.'s motion to suppress.
Judgment reversed.
ANDREWS and RUFFIN, JJ., concur in the judgment only.