## A99A1014. SLEDGE v. THE STATE.
### (521 SE2d 212)

McMURRAY, Presiding Judge.

After the denial of his motion to suppress cocaine discovered in the vehicle he was driving, defendant consented to a bench trial and was found guilty of a single count of trafficking in cocaine. He appeals from the judgment of conviction, contending the trial court erred in concluding a valid consent search occurred and further erred in concluding the police had probable cause of any suspicious activity to detain him.

Only the arresting officers testified at defendant's suppression hearing. Viewed in the light most favorable to the trial court's determination, their evidence authorized the following material facts: Uniformed Butts County Sheriff's Deputy Mark C. Whitwell and his

partner (and brother), Deputy Scott Whitwell, were on traffic patrol on Interstate 75 on May 21, 1998, when they observed a van driven by defendant. Defendant attempted to change lanes from the middle lane to the slow lane without the use of a turn signal. One quarter width of the vehicle went into the slow lane, causing the traffic around defendant to brake and slow in an effort to avoid him. Defendant then went into the left lane with approximately one quarter vehicle width and returned to the center lane. Concerned that defendant might be under the influence of something that would render defendant a less safe driver, the deputies initiated a traffic stop of defendant's van. Deputy Scott Whitwell spoke with defendant at the driver's window. When Deputy Scott Whitwell was asking for the driver's license, defendant was "looking up at [Deputy Scott Whitwell], but . . . had extended his right arm down and was pushing a box away from him, . . . towards the van's passenger seat." It appeared to be a shoe box; something large enough to contain a weapon. Defendant was very nervous and apprehensive and was slow to identify the person to whom the vehicle was registered. While defendant searched for registration papers, Deputy Scott Whitwell informed Deputy Mark Whitwell that defendant was "hiding a box." Deputy Mark Whitwell asked defendant for permission to search the box, because the deputy was worried due to the fact that defendant tried to hide the box, was nervous, and remained focused on the box. Defendant gave permission, saying " 'Yes, Sir,' an affirmative reply that [Deputy Mark Whitwell] could search the box." Defendant was not threatened and did not appear to be under the influence of alcohol or any other drug. Inside the box, Deputy Mark Whitwell found an opaque plastic bag, the contents of which, while unknown, did not seem threatening. But underneath this was a small, clear plastic bag containing suspected cocaine. Deputy Mark Whitwell signaled his partner, and Deputy Scott Whitwell put defendant "on the ground to his knees and cuffed him. . . ." According to the videotape of this traffic stop, less than three minutes elapsed between the initial encounter and defendant's formal arrest. *Held*:

1. Defendant first contends the trial court erred in denying the motion to suppress because his consent to search the box containing suspected cocaine was the product of an illegal detention, relying on *Rogers v. State*, 206 Ga. App. 654, 657 (2) (426 SE2d 209). We disagree.

(a) In a consent search, the burden is on the State to demonstrate that the consent was voluntarily given, and not the result of duress or coercion, express or implied. Voluntariness is a question of fact for the trial court to be determined from all the circumstances. *Code v. State*, 234 Ga. 90, 93 (III) (214 SE2d 873). Where, as here, the evidence is uncontradicted and no question regarding the credibility

of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review. *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474).

(b) The test to determine whether a temporary traffic stop has evolved into a custodial arrest is whether a reasonable person in the detainee's position would have thought the detention would not be temporary. *Sutton v. State*, 223 Ga. App. 721, 722 (1) (478 SE2d 910), citing *Berkemer v. McCarty*, 468 U. S. 420 (104 SC 3138, 82 LE2d 317). In *Rogers*, this Court reversed the denial of a suppression motion, concluding "that when [the investigating officer] retained appellant's license [while questioning him on matters unrelated to any possible traffic, parking, or loitering violations], the encounter matured into an investigative stop," from which that defendant could not reasonably have believed himself free to leave, and so coerced his consent to search. 206 Ga. App. at 657-658 (2), supra.

In the case sub judice, the initial traffic stop of defendant's vehicle was not pretextual but was authorized by the apparent violation of OCGA § 40-6-48, committed in the officers' presence. *State v. Holcomb*, 219 Ga. App. 231, 232 (464 SE2d 651). Roadside questioning at a routine traffic stop does not, in and of itself, constitute custodial interrogation. *Lebrun v. State*, 255 Ga. 406, 407 (3) (339 SE2d 227). An officer conducting a routine traffic stop may request and examine a driver's license and vehicle registration and run a computer check on the documents. *Rogers v. State*, 206 Ga. App. at 657 (1), supra. The fact that an officer retains a detainee's license for a short period during the course of an investigation does not necessarily mean that detainee is in custody, even if, at that point, the detainee could have been arrested for some violation of state law. *Crum v. State*, 194 Ga. App. 271, 272 (390 SE2d 295). Here, Deputy Scott Whitwell had not yet completed the license check on defendant during the three-minute episode, before Deputy Mark Whitwell obtained consent to search the shoe box defendant had attempted to hide. A reasonable person not under the influence of any drug or intoxicant to the extent he was rendered a less safe driver would have thought the traffic stop for weaving across the roadway was only temporary. *Sutton v. State*, 223 Ga. App. at 724 (1), supra. Consequently, the trial court in the case sub judice correctly concluded under the totality of the circumstances that defendant's consent was not the impermissible result of an unauthorized custodial detention.

2. Next, defendant contends the denial of his suppression motion was error because the officers had neither probable cause nor reasonable suspicion to search the box for contraband or weapons. But a valid consent to search eliminates the need for probable cause to support a warrant or for reasonable suspicion to conduct a limited search for weapons. *McDaniel v. State*, 227 Ga. App. 364, 366 (2) (489 SE2d

112); *Boggs v. State*, 194 Ga. App. 264 (390 SE2d 423). Thus assuming, but not deciding, the deputies did not harbor a reasonable suspicion that the shoe box defendant nervously kept eying contained either a weapon or contraband, his valid consent to examine that box rendered irrelevant the alleged absence of such probable cause or reasonable suspicion of wrongdoing.

*Judgment affirmed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED JULY 23, 1999.

*Trauffer & Associates, Harry L. Trauffer, Lawrence J. Zimmerman*, for appellant.

*Tommy K. Floyd, District Attorney, Sandra A. Graves, Assistant District Attorney*, for appellee.