A03A0070. THE STATE v. BAKER.
(582 SE2d 133)

RUFFIN, Presiding Judge.

Kevin Baker was charged with possessing marijuana with intent to distribute and moved to suppress evidence of the contraband. The trial court granted Baker's motion, and this appeal ensued. Because the trial court's order is not supported by the facts, we reverse and remand.

In ruling on a defendant's motion to suppress, the trial court acts as factfinder and resolves all conflicts in the evidence.[1] And, in reviewing the trial court's order, we construe the evidence most favorably to upholding that court's findings of fact and judgment.[2] "A trial court's order on a motion to suppress will not be disturbed if there is any evidence to support it."[3]

Viewed in this manner, the record demonstrates that on the morning of March 1, 2001, Cobb County Police Officer Kristen Palkoner was patrolling around Oakwood High School when she saw six students, including Baker, standing near the school. Palkoner, who was in uniform, approached the group and "asked them what they were doing hanging out in [the] area." Palkoner then requested and received the individuals' names and birth dates. While Palkoner was talking to the group, two other uniformed officers drove up in patrol cars and joined her.

Palkoner returned to her squad car to run the individuals' names and birth dates through the computer to determine whether any of them "had any warrants out for them" and whether they should be in

---

[1] See *Bain v. State*, 258 Ga. App. 440, 441 (1) (574 SE2d 590) (2002).

[2] See id.

[3] *Osment v. State*, 256 Ga. App. 591 (569 SE2d 262) (2002).

school. When Palkoner was in her squad car, the other two officers began patting down the members of the group to check for weapons.[4] Terrence Westby, one of the students, asked the officers if he could leave and was told he could not until Palkoner was through with her investigation.

While checking the names, Palkoner discovered that Baker was on probation for a controlled substance violation and that his license had been suspended. Palkoner then returned to the group and asked Baker "why his license [had been] suspended, and he stated to [her] that it was for drugs." She then asked Baker if he had any drugs on him. According to Palkoner, Baker responded, "no," and invited her to check him to make sure that he had no drugs on him. At this point, Palkoner searched Baker and discovered marijuana in his jacket pocket.

Baker moved to suppress the marijuana evidence, arguing that he had been improperly detained and that the search was illegal. The trial court agreed and granted Baker's motion. Specifically, the trial court ruled that "[u]nder the totality of the circumstances, [it did] not find that the officers' safety was compromised; therefore, the patdown was unjustified and all evidence stemming from the patdown is inadmissible." On appeal, the State argues that the trial court erred in so ruling because the evidence was found pursuant to a valid consent search in the context of a first-tier police-citizen encounter.

There are three levels of police-citizen encounters: (1) consensual police-citizen communication that involves no coercion or detention; (2) brief investigatory stops that must be supported by reasonable suspicion; and (3) arrests, which must be supported by probable cause.[5] Contrary to the State's argument, the interaction between Baker and the police was a second-tier, rather than first-tier, encounter. Although Palkoner was free to approach the students without implicating the Fourth Amendment, once the other officers arrived and began patting down the students, the encounter was transformed into a second-tier encounter as law enforcement generally must have articulable suspicion before commencing such search.[6] This requirement is lifted only when the circumstances indicate that the citizen may be armed or dangerous.[7] In this case, the record con-

---

[4] The evidence is conflicting on whether the two officers patted Baker down. The trial court evidently found that they did, and we defer to this factual finding. See *Bain*, supra.

[5] See *Small v. State*, 243 Ga. App. 678, 679 (1) (534 SE2d 139) (2000).

[6] See *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968).

[7] See *State v. King*, 227 Ga. App. 466, 468 (489 SE2d 361) (1997); *In the Interest of T. J. B.*, 237 Ga. App. 824, 826 (517 SE2d 77) (1999) (physical precedent only).

tains no evidence to support a finding that any of the students were armed and/or dangerous.

Accordingly, if the police had found evidence as a result of the pat-down, the trial court would have been authorized to suppress that evidence. Here, however, the evidence was not discovered during the pat-down. The two officers who joined Palkoner found no contraband. Rather, Palkoner found the marijuana after Baker consented to a search. And "if the subsequent search was pursuant to a voluntary consent which was not a product of the illegal detention, the taint of that illegal detention would not require suppression of the evidence."[8]

The State's argument on appeal is predicated upon the underlying assumption that Baker's consent was voluntary. "In a consent search, the burden is on the State to demonstrate that the consent was voluntarily given, and not the result of duress or coercion, express or implied."[9] " 'Whether an individual's consent is, in fact, voluntary, is to be determined from the totality of all the circumstances under which consent was given.' "[10] As a general rule, voluntariness is an issue of fact for the trial court.[11]

In granting the motion to suppress, the trial court failed to address whether Baker's consent was voluntary. As "[t]his court is limited to resolving questions of law rather than fact,"[12] we reverse and remand to the trial court to address the issue of whether, under the totality of the circumstances, Baker's consent to search was validly obtained.[13]

*Judgment reversed and case remanded. Smith, C. J., and Miller, J., concur.*

DECIDED MAY 5, 2003 —
RECONSIDERATION DENIED MAY 14, 2003.

*Patrick H. Head, District Attorney, Richard H. Kimberly, Amelia G. Pray, Assistant District Attorneys,* for appellant.
*John D. Thalhimer,* for appellee.

---

[8] *Miranda v. State,* 189 Ga. App. 218, 221 (3) (375 SE2d 295) (1988).

[9] *Sledge v. State,* 239 Ga. App. 301, 302 (1) (a) (521 SE2d 212) (1999).

[10] *Miranda,* supra.

[11] See *Sledge,* supra.

[12] (Punctuation omitted.) *Cunningham v. State,* 231 Ga. App. 420, 421 (1) (498 SE2d 590) (1998).

[13] See *State v. Gehris,* 242 Ga. App. 384, 387 (528 SE2d 300) (2000).