74443, 74444. ALLISTON v. THE STATE (two cases).
(359 SE2d 220)

BIRDSONG, Chief Judge.

Jay Alliston was charged with one count of burglary and two counts of aggravated assault. The trial court directed a verdict of acquittal to the burglary count and the jury returned a verdict of not guilty as to one of the aggravated assault counts. Alliston was convicted on Count I, aggravated assault, and sentenced to 20 years with ten to serve and as a part of the probated period required to pay restitution to the victim of $5,558.63 and $2,000 as a fine to pay for expenses of the trial. Alliston brings two appeals (arising out of this same case), enumerating the same three errors. We have consolidated the appeals and treat them as one. *Held*:

1. The first enumeration questions the sufficiency of the evidence to support the finding of guilty of aggravated assault. In considering this enumeration, we consider the evidence in the light best calculated to sustain the verdict. That evidence shows that on October 20, 1985, three friends were present in a mobile home owned by the victim, Duncan. They were preparing to grill steaks and shrimp. While making these preparations, Alliston drove up to the front of the mobile home, exited his car with a baseball bat held in his hand (and a loaded pistol in his back pocket). He was seen approaching by one of the three occupants and Duncan was warned. Duncan procured a gun from his room and placed it on top of the refrigerator. Alliston burst into the mobile home holding the bat and demanded some money he claimed Duncan owed. Without further words or provocation, Alliston started striking Duncan about the arms with the bat. Duncan retreated into a storage cubicle off the kitchen whereupon Alliston shifted his attention to one of the other occupants (Reese). Alliston

struck Reese also with the bat but Reese grabbed the bat. Alliston broke away from Reese and turned his attention to Duncan in the cubicle. Duncan had retrieved his pistol from the top of the refrigerator as he retreated into the cubicle.

When Alliston once again directed the attack toward Duncan, Duncan fired his pistol striking Alliston in the hands and dislodging the bat from Alliston's hands. Duncan then retreated down a hall from the kitchen to the back bedroom. The third of the friends had sought refuge in the bedroom and in an effort to present as little a target as possible, was lying prone on a water bed in the bedroom. Reese (the recipient of the bat attack) had retreated to the door of the bedroom but found it blocked by Duncan. Thus Reese ducked into the door of the adjacent bathroom and lay down in the tub. Alliston was seen in the kitchen brandishing the pistol he had been carrying in his back pocket. Reese testified that Alliston had pointed the pistol at his head, snapped the trigger but the gun did not discharge. That was the reason Reese had retreated to the bathroom and lain down in the bathtub. Duncan was holding his pistol in the doorway of the bedroom when Alliston commenced firing his pistol. After Alliston began firing one or more rounds toward Duncan and the bathroom, Duncan fired one round from his pistol but without effect. He apparently then retreated into the bedroom. Alliston continued to fire his pistol until approximately 12 rounds had been discharged. One of these projectiles passed through the wall of the bedroom and struck Duncan in the stomach. After emptying his pistol, Alliston exited the mobile home while exclaiming that he hoped he had killed them all. The trial court gave a charge upon self-defense and other appropriate legal principles.

The jury was presented with conflicting evidence as to who was the aggressor and who, if anyone, withdrew from the assaultive conduct. Viewing the evidence in the light designed to uphold the verdict of the jury, we conclude the jury was warranted in concluding beyond reasonable doubt that Alliston was engaged in an aggravated assault when he fired through the bedroom wall and struck Duncan in the stomach. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). We will not speculate as to what evidence the jury chose to believe or disbelieve; on appeal we are bound to construe the evidence with every inference in favor of upholding the jury's verdict. *Mills v. State*, 137 Ga. App. 305, 306 (223 SE2d 498). Where the testimony of the State and that of the defendant is in conflict, the jury is the final arbiter. *Sims v. State*, 137 Ga. App. 264 (223 SE2d 468). There is no merit to this enumeration.

2. In his second enumeration, Alliston complains the trial court erred in refusing to admit evidence that Duncan had pending against Alliston a civil complaint seeking personal injury damages. We con-

clude Alliston has misconstrued the ruling of the trial court and presents no error for review. When the question was first raised during the defense's opening statement, the trial court determined the subject was a proper matter to present to the jury and overruled the State's objection. Subsequently when Alliston sought to introduce evidence of the civil complaint, the trial court limited Alliston to showing that the allegations in the civil complaint were inconsistent with the position taken in the criminal case or that a pecuniary interest in the civil case affected Duncan's testimony in the criminal trial. Alliston reserved the right to call Duncan for further cross-examination of the subject but never exercised the right.

It is clear from the record the trial court did not preclude the evidence but simply required the defense to introduce the evidence in the proper procedural manner. Counsel for Alliston recognized the procedural constraint and voiced no objection to proceeding in the manner indicated by the court. We conclude the trial court may exercise the power to control, in the furtherance of justice, the conduct of the officers and all other persons connected with a judicial proceeding before it. If in the exercise of such control, the legal rights of the parties are not prejudiced or denied, this court will not interfere with the discretion of the trial court in matters of practice in the hearing and disposition of causes before it unless this discretionary power has been exercised in an illegal, unjust or arbitrary manner. *Davis v. State*, 127 Ga. App. 76 (3) (192 SE2d 538). There was no abuse of discretion in this matter.

3. In his last enumeration of error, Alliston urges his constitutional right to an unimpeded jury trial was impaired and chilled by the imposition of costs following his conviction. This enumeration patently is without merit. Generally, a defendant in a criminal case can be taxed with costs following conviction. Judgment may be entered against him for all costs accruing in the committing court. OCGA § 17-11-1; *Carpenter v. State*, 167 Ga. App. 634, 644 (307 SE2d 19). In addition, we note the assessment of costs was appurtenant to the conditions of probation. Alliston here is attacking a portion of the probated sentence when in fact the probated portion of his sentence certainly is in his favor. He is authorized to serve ten years of a 20-year sentence on probation outside the confines of a penitentiary. We find no abuse of discretion in requiring the payments of costs as a part of probation. *Giddens v. State*, 156 Ga. App. 258, 261-262 (4) (274 SE2d 595).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JUNE 29, 1987.

*Milton F. Gardner, Jr.*, for appellant.
*Joseph H. Briley, District Attorney, Fredric D. Bright, Assistant District Attorney*, for appellee.