## A89A2121. BOGGS v. THE STATE.
(390 SE2d 423)

CARLEY, Chief Judge.

After appellant was indicted for trafficking in cocaine, he filed a pre-trial motion to suppress the contraband. When the motion to suppress was denied, a bench trial was held and appellant was found guilty. He appeals from the judgment of conviction and sentence entered by the trial court on its finding of his guilt.

Appellant's sole enumeration of error addresses the denial of his motion to suppress. The trial court was authorized to find the following: A routine traffic stop was made by an officer who observed that appellant was following another vehicle too closely. After giving appellant a safety warning, the officer requested permission to search the vehicle. Appellant gave his consent. This search resulted only in the officer's discovery of a locked strongbox, the key to which appellant denied having. The officer then asked if appellant would permit his automobile to be checked by a drug dog. Although he was told that he was not obligated to consent, appellant agreed to the procedure. The drug dog alerted to the presence of contraband in appellant's automobile. The strongbox was then removed and opened by a locksmith. When cocaine was discovered inside, appellant was arrested.

The officer had no probable cause to believe that appellant's vehicle contained contraband before the drug dog alerted. However, the officer's actions prior to that time were undertaken only with appellant's consent. "Once a voluntary consent is legally obtained, it continues until it either is revoked or withdrawn. [Cits.]" *Mallarino v. State,* 190 Ga. App. 398, 403 (2) (379 SE2d 210) (1989). " 'A valid consent eliminates the need for either probable cause or a search warrant. (Cit.)' " *Wright v. State,* 189 Ga. App. 441, 444 (1) (375 SE2d 895) (1988). When the drug dog did alert to the presence of contraband in the vehicle, the officer then had probable cause to believe that contraband was contained somewhere therein. "A sniffing dog may provide probable cause for the issuance of a search warrant, [cits.] or when exigent circumstances are present, justify a search without a warrant. [Cits.]" *State v. Morrow,* 625 P2d 898, 901 (1)

(Ariz. 1981). Once the officer had probable cause to believe that contraband was contained somewhere in appellant's automobile, he was authorized to conduct a search of its contents, including the locked strongbox. *Love v. State*, 254 Ga. 697 (334 SE2d 173) (1985). The trial court did not err in denying the motion to suppress.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JANUARY 18, 1990.

*Bates, Kelehear & Starr, Harlan M. Starr*, for appellant.

*Jack O. Partain III, District Attorney, Kermit N. McManus, Assistant District Attorney*, for appellee.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*