## S96A0223. GRAHAM v. THE STATE.
### (468 SE2d 363)

CARLEY, Justice.

In an attempt to elude officers after committing a burglary, Graham and co-defendant Diamond engaged in a high-speed vehicular chase which did not end until their vehicle crashed into another. Three of the occupants of the vehicle into which they crashed were killed. One of the occupants was nine-months pregnant and her unborn child did not survive the crash. As the result of these events, a multi-count indictment was returned against Graham and Diamond. The trial court denied Graham's motion to sever his trial from Diamond's. At a jury trial, Graham was found guilty of three counts of felony murder for which he was given three life sentences. He was also found guilty and sentenced for the following offenses: feticide; theft by taking; possession of a firearm by a convicted felon; possession of a firearm during the commission of a crime; violation of the Georgia Controlled Substances Act; giving a false name; and, fleeing from police officers. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts.[1]

1. Construing the evidence most strongly for the State and against Graham, it was sufficient to authorize a rational trier of fact to find proof of his guilt of the numerous offenses beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Graham urges that it was error to fail to give an unrequested charge that the conviction of one of the co-defendants did not require the conviction of the other. However, the record shows that Graham affirmatively waived his right to predicate an enumeration of error upon the trial court's charge. *White v. State*, 243 Ga. 250 (253 SE2d 694) (1979). Moreover, even if the right to enumerate error as to the trial court's charge had not been waived, the record shows that the charge, as given, was sufficient to apprise the jury that the guilt of Graham and Diamond should be determined separately. *Nicholson v. State*, 265 Ga. 711, 713 (3) (462 SE2d 144) (1995).

3. Graham correctly asserts that he cannot be sentenced for the underlying felonies as well as for the felony murders, since the former merged into the latter. *Zackery v. State*, 257 Ga. 442, 443 (2) (360 SE2d 269) (1987). However, the record clearly shows that Graham was sentenced only for the felony murders themselves and not for the

---

[1] The crimes were committed on May 5, 1994 and the indictments were returned on November 2, 1994. The guilty verdicts were returned on September 19, 1995 and the judgments of conviction and sentences were entered on October 4, 1995. Graham's notice of appeal was filed on October 17, 1995 and the case was docketed in this Court on November 3, 1995. Oral argument of the appeal was heard on February 19, 1996.

burglary which underlay them.

Graham further contends that it was error to impose a separate sentence for each of the other offenses. All of the offenses for which Graham was given a separate sentence may have been part of a continuous crime spree, but each one was a separate and distinct offense from any of the others. *Butler v. State*, 239 Ga. 591, 592 (3) (238 SE2d 387) (1977); *Kramer v. Hopper*, 234 Ga. 395, 396-397 (216 SE2d 119) (1975). Compare *Hubbard v. State*, 168 Ga. App. 778, 779 (2) (310 SE2d 556) (1983) (single theft of multiple articles). Accordingly, imposition of a separate sentence for each of the offenses was authorized.

4. Graham urges that his sentences constitute cruel and unusual punishment since Diamond was the driver of the vehicle. However, Graham's guilt for all of the offenses was sufficiently established under the relevant "parties to a crime" principles of OCGA § 16-2-20 and his sentences are within the statutory limits. "[L]egislative enactments constitute the clearest and most objective evidence of how contemporary society views a particular punishment. [Cit.]" *Fleming v. Zant*, 259 Ga. 687, 689 (3) (386 SE2d 339) (1989). "[L]egislative discretion must be deferred to unless, under the circumstances, the sentence shocks the conscience. [Cits.]" *Lambeth v. State*, 257 Ga. 15, 16 (354 SE2d 144) (1987). The sentences imposed against Graham for the crimes to which he was a party do not shock the conscience and his "contention that his sentence[s are] excessive may be presented to the sentence review board as provided in [OCGA § 17-10-6]." *Mydell v. State*, 238 Ga. 450 (2) (233 SE2d 199) (1977).

5. Graham enumerates as error the denial of his motion to sever his trial from Diamond's. The trial court's discretionary ruling in this regard will not be disturbed unless there is a clear showing of prejudice. *Adams v. State*, 264 Ga. 71, 73 (3) (440 SE2d 639) (1994). Absent a showing of harm, the mere existence of "purported antagonistic defenses between two co-indictees is not sufficient to warrant the grant of a separate trial. . . ." *Chapman v. State*, 263 Ga. 393, 394 (2) (435 SE2d 202) (1993). Where, as here, the co-defendant takes the stand and is subject to cross-examination, no prejudice is shown. *Durham v. State*, 240 Ga. 203 (1) (240 SE2d 14) (1977).

*Judgments affirmed. All the Justices concur.*

DECIDED APRIL 8, 1996.

*Richard S. Lord*, for appellant.

*Robert E. Keller, District Attorney, D. Brandon Hornsby, Assistant District Attorney, Michael J. Bowers, Attorney General, Caro-*

*line W. Donaldson, Assistant Attorney General,* for appellee.