A98A1779. REID v. THE STATE.
(510 SE2d 851)

McMURRAY, Presiding Judge.

Defendant Reid appeals his conviction of theft by taking of a motor vehicle and of giving a false name to a law enforcement officer. *Held*:

1. The first enumeration of error maintains that there was not sufficient evidence to authorize defendant's conviction. Construed in a light most favorable to sustaining the verdict of the jury, the evidence shows that the owner of the vehicle was driving when he saw defendant and determined that defendant was looking for a ride. Defendant got into the car, and thus began a brief affiliation of about ten days duration which included sexual relations. During this interval of time, defendant accompanied the owner of the car on various errands and at their destinations would sit in the car listening to the radio while the owner of the vehicle went inside. The owner testified that defendant was never given permission or allowed to drive the car.

The theft of the car occurred on one of the occasions when defendant was accompanying the owner of the car on errands. The

owner of the car returned home in order to change some soiled clothing and left defendant with the car key in order that he might listen to the radio while the owner changed. Shortly thereafter the owner discovered that defendant and the vehicle were gone. After some delay in order to allow defendant an opportunity to return the vehicle of his own accord, the owner contacted police. During telephone conversations that night with the owner and with a police officer, defendant indicated that he would return the vehicle. But the vehicle was not returned and approximately a week later police received information which led to the impoundment of the vehicle. When defendant learned that police had been told of the location of the vehicle he fled upon arrival of the police, but was apprehended when he returned to that location. After his arrest, defendant was asked his name by an officer and defendant replied that he was "John Doe."

Defendant presented evidence through his own testimony and that of a corroborating witness that he had driven the vehicle repeatedly with the permission of the owner and that he had the consent of the owner to take the car on the occasion that the theft charge is predicated upon. However, it is within the province of the jury to resolve conflicts in the evidence and to assess the credibility of witnesses. *Berry v. State*, 268 Ga. 437, 438 (1) (490 SE2d 389). " 'As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.' [Cit.]" *Howard v. State*, 227 Ga. App. 5, 8 (6) (a) (488 SE2d 489). See also *Warren v. State*, 232 Ga. App. 488 (2) (502 SE2d 336).

Also, defendant argues with respect to the conviction on the false name charge that there is no proof with respect to the element of intent to mislead the officer who was given the false name. "Whether the requisite intent is manifested by the circumstance is a question for the trier of fact, and, on review, this court will not disturb the factual determination unless it is contrary to the evidence and clearly erroneous." (Citation and punctuation omitted.) *Watson v. State*, 222 Ga. App. 814, 816 (3) (476 SE2d 96). See also *Flanders v. State*, 230 Ga. App. 316, 318 (2) (496 SE2d 344) and *Douglas v. State*, 194 Ga. App. 182, 183 (390 SE2d 98). While the false name used by defendant may seem poorly chosen to mislead the officer, the issue is not whether the officer was actually misled but whether defendant intended to mislead him. *Flanders v. State*, supra. Under the evidence presented, the jury's determination as to this issue is not clearly erroneous.

After considering the evidence presented at trial, the jury was authorized to believe the State's evidence and reject defendant's evidence with respect to the circumstances under which the car was taken, and to conclude that defendant intended to mislead the officer

as to his identity. A rational trier of fact was authorized to conclude that the evidence presented at trial showed defendant's guilt beyond a reasonable doubt of the offenses of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560).

2. In the remaining enumeration of error, defendant maintains that the sentences imposed upon him are "excessive and disproportionate to the offense[s] charged in violation of the Eighth Amendment of the United States Constitution's guarantee against cruel and unusual punishment." Defendant was sentenced as a recidivist to twenty years, ten to serve and the remaining ten suspended, on the count of theft by taking and twelve months to serve consecutively for the offense of giving a false name.

" 'Legislative enactments constitute the clearest and most objective evidence of how contemporary society views a particular punishment. (Cit.)' *Fleming v. Zant*, 259 Ga. 687, 689 (3) (386 SE2d 339) (1989). '(L)egislative discretion must be deferred to unless, under the circumstances, the sentence shocks the conscience. (Cits.)' *Lambeth v. State*, 257 Ga. 15, 16 (354 SE2d 144) (1987)." *Graham v. State*, 266 Ga. 543, 544 (4) (468 SE2d 363). The sentences imposed against defendant are well within the statutory limits and not so disproportionate as to shock the conscience. Defendant's " 'contention that his sentence(s are) excessive may be presented to the sentence review board as provided in (OCGA § 17-10-6).' *Mydell v. State*, 238 Ga. 450 (2) (233 SE2d 199) (1977)." *Graham v. State*, 266 Ga. 543, 544 (4), supra. See also *King v. State*, 265 Ga. 440 (2) (458 SE2d 98); *Gordon v. State*, 257 Ga. 439, 440 (2) (360 SE2d 253).

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED JANUARY 6, 1999.

*Weldon & Ruppenthal, George H. Weldon*, for appellant.
*Robert E. Keller, District Attorney, Albert B. Collier, Assistant District Attorney*, for appellee.