## A00A0828. SMALL v. THE STATE.
### (534 SE2d 139)

MILLER, Judge.

Following a bench trial, Jonathan Small was found guilty of trafficking in cocaine. On appeal, he urges the general grounds and challenges the denial of his motion to suppress the evidence. Small also contends that the sentence imposed is disproportionate to the charged offense. We affirm.

1. Upon review of the denial of the motion to suppress, we are guided by three principles with regard to the interpretation of the trial court's judgment of the facts.

> First, when a motion to suppress is heard by the trial judge, that judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it. Second, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment.[1]

Viewed in this light, the conflicting evidence authorized the following facts: Drug Enforcement Administration agents received a tip from a confidential informant that Small was traveling that day to Atlanta from Fort Lauderdale and that he purchased his ticket one day prior to the flight with cash. The agents confirmed with the airline that Small was a ticketed passenger who checked one bag and further confirmed that a green military-type duffel bag with the corresponding claim number had Small's name on it.

Upon his arrival at Atlanta's airport, Small was approached by Agents Gillespie and McCrackin after he picked up his duffel bag from the carousel. Gillespie identified himself as a police officer and asked Small if he could briefly speak with him. Small agreed and produced his driver's license and airline ticket, which Gillespie returned to Small. Small consented to a search of his person but refused a search of his bag. Gillespie then asked if he could place Small's bag in a lineup for a canine narcotics inspection. Small consented so long as his was not the only bag inspected and so long as Small was present to witness the canine inspection. Gillespie assured Small that he was not then under arrest. In a three-bag lineup, the

---

[1] (Citations and punctuation omitted.) *Stokes v. State*, 238 Ga. App. 230 (518 SE2d 447) (1999).

trained canine alerted to the presence of narcotics in Small's bag, and agents again requested to search his bag, to which Small responded, "Get your warrant." Small was then detained while agents obtained a search warrant. Upon executing it, Gillespie discovered what was later tested to be 997 grams of cocaine of 77 percent purity.

Small argues that the initial inquiry was a police stop that was not supported by reasonable and articulable suspicion. There are three tiers of police-citizen encounters: (1) communication between police and citizens involving no coercion or detention and therefore not within the compass of the Fourth Amendment, (2) brief seizures that must be supported by reasonable suspicion, and (3) full-scale arrests that must be supported by probable cause.[2] Contrary to Small's assertion, the issue of whether agents had a reasonable and articulable suspicion to stop him is not germane as the agent's initial approach and identification inquiry "clearly fall within the realm of the first type of police-citizen encounter and do not amount to a stop."[3] Moreover, the agent's request for consent to search is not a seizure and does not require articulable suspicion.[4]

> In order to determine whether a particular encounter constitutes a seizure, a court must consider all the circumstances surrounding the encounter to determine whether the police conduct would have communicated to a reasonable person that the person was not free to decline the officer's requests or otherwise terminate the encounter.[5]

Agent Gillespie testified that one agent was in the background while McCrackin stood to the side and only Gillespie talked with Small. The agent simply asked to speak with Small and made no showing of force or coercion.[6] Small could have refused to speak with the agent, but instead, he consented to permissible questioning and had "no objective reason to believe that he was not free to end the conversation and proceed on his way."[7] Therefore, there was no "stop" that required reasonable and articulable suspicion.

Thereafter, Small consented to a canine inspection of his bag. Once a voluntary consent is legally obtained, it continues until it is either revoked or withdrawn, and it eliminates the need for either

---

[2] *McClain v. State*, 226 Ga. App. 714, 716 (1) (487 SE2d 471) (1997).

[3] Id.

[4] *Stokes*, supra, 238 Ga. App. at 232, applying *State v. Westmoreland*, 204 Ga. App. 312 (1) (418 SE2d 822) (1992).

[5] (Citations and punctuation omitted.) *McClain*, supra, 226 Ga. App. at 716 (1).

[6] See *Voyles v. State*, 237 Ga. App. 886, 887 (1) (517 SE2d 113) (1999); *Yocham v. State*, 165 Ga. App. 650 (1) (302 SE2d 390) (1983).

[7] (Citation and punctuation omitted.) *Stokes*, supra, 238 Ga. App. at 233.

probable cause or a search warrant.[8] The canine's alert to the scent of narcotics "established probable cause for [Gillespie] to believe [Small] was in possession of illegal drugs,"[9] authorizing the subsequent issuance of the search warrant. Thus, the court did not err in denying the motion to suppress.

2. As we have determined the trial court properly denied the motion to suppress, the evidence was sufficient under the standard of *Jackson v. Virginia*[10] to support Small's conviction for trafficking in cocaine in violation of OCGA § 16-13-31 (a) (1).[11]

3. Small was sentenced to confinement for thirty years with service of the last five years on probation, a $1,000,000 fine, and a monthly fee to offset the cost of probation. He contends that this sentence is excessive.

> The Eighth Amendment protects against cruel and unusual punishment, a concept which prohibits, among other things, arbitrary and disproportionate sentences. Unless a sentence is so overly severe or excessive in proportion to the offense as to shock the conscience, a legislatively authorized punishment does not ordinarily exceed the constitutional bound. It could, if the court abused its discretion in imposing a sentence which is excessive and disproportionate in a specific case.[12]

Small's sentence is within the statutory limits set by OCGA § 16-13-31 (a) (1) (C) and (g)[13] and is not so disproportionate as to shock the conscience.[14] "We will not review for legal error any sentence which is within the statutory limits. Any question as to the excessiveness of such a sentence should be addressed to the sentence review panel as provided in OCGA § 17-10-6."[15]

---

[8] *Boggs v. State*, 194 Ga. App. 264 (390 SE2d 423) (1990).

[9] (Citations and punctuation omitted.) *Johnson v. State*, 230 Ga. App. 535, 538 (1) (496 SE2d 785) (1998); accord *Boggs*, supra, 194 Ga. App. at 264 (sniffing dog may provide probable cause for the issuance of a search warrant or, where exigent circumstances are present, justify a search without a warrant); see also *Gilbert v. State*, 212 Ga. App. 308, 309 (1) (441 SE2d 785) (1994) (probable cause to believe suspect possessed cocaine authorized stop of vehicle and search incident to lawful arrest).

[10] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[11] See *Hinson v. State*, 237 Ga. App. 366, 367 (2) (515 SE2d 203) (1999) (whole court); accord *Brundage v. State*, 231 Ga. App. 478, 479-480 (1) (499 SE2d 408) (1998).

[12] (Citations and punctuation omitted.) *Palmore v. State*, 236 Ga. App. 285 (511 SE2d 624) (1999); see *Reid v. State*, 235 Ga. App. 887, 889 (2) (510 SE2d 851) (1999).

[13] See also *Alliston v. State*, 183 Ga. App. 462, 464 (3) (359 SE2d 220) (1987) (judgment may be entered for costs including those as part of probation).

[14] See *Reid*, supra, 235 Ga. App. at 889 (2).

[15] (Citation and punctuation omitted.) *Harden v. State*, 239 Ga. App. 700, 702 (3) (521 SE2d 829) (1999); see *Broadwell v. State*, 224 Ga. App. 193, 195 (4) (480 SE2d 215) (1996); *Winn v. State*, 215 Ga. App. 120 (2) (449 SE2d 667) (1994).

*Judgment affirmed. Pope, P. J., and Smith, P. J., concur.*

DECIDED APRIL 20, 2000.

*George H. Weldon,* for appellant.
*Robert E. Keller, District Attorney, Christopher M. Howlette, Assistant District Attorney,* for appellee.