## A00A1259. GRANT v. THE STATE.
(540 SE2d 634)

MILLER, Judge.

After his motion to suppress was denied, Noel Sanford Grant consented to a bench trial on stipulated evidence and was adjudicated guilty of trafficking in cocaine. On appeal, Grant contends the trial court erred in denying his motion to suppress and further erred in participating in plea negotiations and in the process whereby Grant stipulated to a bench trial, waiving his right to trial by jury. We affirm.

Viewed to uphold the trial court's factual findings and judgment, the evidence revealed that Atlanta Police Officer Lisa Rohey has been assigned to the drug task force at the Atlanta airport for eight years. On February 11, 1999, she received information from a confidential informant that two named passengers, defendant and one other, would be flying into Atlanta from Miami, arriving at approximately 7:14 a.m., and that these passengers purchased their one-way tickets with cash moments before the scheduled departure. Rohey decided to interview them, even though the informant had not said that any drugs would be coming in, because, in her experience, a cash one-way ticket was a red flag.

Rohey and another agent approached Grant, displayed their badges, informed him that they were police officers, and "asked him if [they] could talk to him for a minute." "He said, yes." Defendant identified himself as Noel Grant, and that name matched the name on the airline ticket. After checking Grant's ticket and identification, Rohey handed both items back to him. Rohey explained that her police duty was to stop drugs and drug proceeds that came through the Atlanta airport and asked Grant if he would allow the agents to search his bag. Grant agreed, but nothing was discovered during the search of the bag. Rohey then asked if she could search Grant's person, and he said yes.

Rohey did not threaten Grant with arrest or prolonged detention if he did not consent to a search of his person. In Rohey's opinion, Grant's consent to the search of his person was free and voluntary. As Rohey conducted a pat-down search, Grant never said, "don't touch

me there or stop searching me or anything like that." From the time Rohey first approached Grant until she discovered the drugs on his person, the entire detention lasted approximately four minutes.

1. The third enumeration contends the denial of Grant's suppression motion was erroneous because the investigating officer had no reasonable, articulable suspicion to approach Grant in the first instance. But merely approaching an individual and requesting consent to search do not amount to a seizure and need not be supported by an articulable suspicion of criminality.[1]

2. Next, Grant contends the State failed to prove a valid consent to search. Based on the testimony of Officer Rohey, the trial court concluded that Grant freely and voluntarily consented to a search of his person, leading to the discovery of "several [unnatural] bulges in his waist area and halfway down his legs." In Officer Rohey's experience, drug smugglers "carry narcotics taped to their body and stuffed inside their clothing at the Atlanta Airport. . . ." Although the evidence is conflicting whether Grant consented to a search of his person, the trial court's determination of questions of fact and witness credibility at a suppression hearing must be accepted by the appellate courts unless clearly erroneous.[2] Here, the trial court's finding of consent is based upon evidence, is therefore not clearly erroneous, and is affirmed.[3]

3. In two related enumerations, Grant contends the trial court violated Uniform Superior Court Rule 33.5 (A), which "provides that the trial judge should not participate in plea discussions."[4]

Grant did not plead guilty to any offense but exercised his right to plead not guilty and have the State prove its case beyond a reasonable doubt, with the trial court acting as the trier of fact.[5] The trial court here did not impermissibly participate in plea negotiations by inquiring whether the State's sentencing recommendation would be the same after the suppression hearing as before. The presiding judge is expressly admonished by USCR 33.5 (B) to inform an accused pleading guilty or nolo contendere whether it will likely follow the State's sentencing recommendation. Nor did the trial court subtly coerce Grant into waiving his right to trial by jury by explaining that he would not be guaranteed the mandatory minimum sentence were he to proceed with a jury trial and that the sentence was discretionary and could be as much as 30 years. The first and second

---

[1] *State v. Westmoreland*, 204 Ga. App. 312 (1) (418 SE2d 822) (1992). Accord *Small v. State*, 243 Ga. App. 678, 679 (1) (534 SE2d 139) (2000).

[2] *Woodruff v. State*, 233 Ga. 840, 844 (3) (213 SE2d 689) (1975).

[3] *Roberts v. State*, 267 Ga. 669, 674 (7) (482 SE2d 245) (1997).

[4] (Punctuation omitted.) *McDaniel v. State*, 271 Ga. 552, 553 (2) (522 SE2d 648) (1999).

[5] See, e.g., *Baldwin v. State*, 217 Ga. App. 866, 868 (2) (460 SE2d 80) (1995).

enumerations are without merit.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED OCTOBER 13, 2000.

*Lloyd J. Matthews,* for appellant.

*Robert E. Keller, District Attorney, Bonnie K. Smith, Assistant District Attorney,* for appellee.