## A05A0037. SHERLS v. THE STATE.

(611 SE2d 780)

ELLINGTON, Judge.

A Rockdale County jury convicted Don Clark Sherls, Jr. of theft by taking a motor vehicle, OCGA § 16-8-2. He appeals from the denial of his motion for new trial, claiming the evidence was insufficient to support his conviction and he was entitled to a directed verdict of acquittal. He also contends the trial court erred in excluding a videotape of the victim's statement to police and in admitting an impermissibly suggestive photographic lineup. Finding no error, we affirm.

1. Sherls contends the trial court erred in refusing to grant his motion for a directed verdict of acquittal based upon insufficient evidence. Sherls attacks the victim's identification testimony and her credibility and argues that a witness fabricated his story in order to stay out of jail. Further, relying on the fact that the police investigators did not find his fingerprints inside the car, he complains that there was no physical evidence to link him to the crime.

> Where the sufficiency of the evidence is questioned on appeal, we determine whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. As an appellate court, we do not weigh the evidence or assess witness credibility.

(Punctuation and footnotes omitted.) *Standfill v. State*, 267 Ga. App. 612 (600 SE2d 695) (2004). Viewed in this light, the evidence showed that at approximately 11:00 a.m. on December 30, 2002, the victim was driving her Mercedes when it was suddenly bumped from behind by a white Hyundai with two men inside. The victim, who was pregnant, immediately dialed 911 on her cell phone. She pulled her car to the side of the road and the Hyundai stopped behind her. The victim talked to the 911 operator while she got out of her car. Both men exited the Hyundai. One of the men walked toward her and the victim was able to get a good look at him. Suddenly, the man got into the driver's seat of her car. The victim tried to grab him as she was

yelling at the 911 operator for help. The man drove away, with the Hyundai right behind him.

A police officer in the area received a dispatch about the theft and quickly found the Hyundai and Mercedes traveling together. After the officer activated his lights and siren, the two cars separated and drove off in different directions. The officer got the tag number of the Hyundai,[1] and followed the Mercedes until it spun out of control and stopped on the side of the road. The driver got out of the car and escaped into the woods near Stonecrest Mall.

The evidence also showed that Sherls called a friend on the day of the theft and asked the friend to pick him up at Stonecrest Mall. The friend testified at trial that he picked up Sherls at approximately 2:00 p.m., and Sherls told him the following facts: Sherls and another man had "bumped a lady's car"; the lady was pregnant; the car they bumped was a Mercedes or Lexus; Sherls got in the car and drove away; the police started chasing Sherls; and Sherls jumped out of the car near Stonecrest Mall and ran away. According to the friend, Sherls said he took the victim's car because he was planning to rob a bank. The friend reported this information to the police after he was stopped on an unrelated traffic violation. Based upon this information, investigators put together a photographic lineup which included Sherls' picture, and the victim "immediately" selected Sherls as the man who stole her Mercedes.

Although Sherls complains on appeal that the eyewitness testimony was unreliable, the witnesses lacked credibility, and the evidence was conflicting, it was the jury's responsibility to resolve the conflicts in the evidence, assess the credibility of the witnesses, and assign weight to the evidence. OCGA § 24-9-80; *Standfill v. State*, 267 Ga. App. at 612; *Reid v. State*, 235 Ga. App. 887, 888 (1) (510 SE2d 851) (1999). "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Citations and punctuation omitted.) *Reid v. State*, 235 Ga. App. at 888 (1). We find that the evidence, viewed in favor of the jury's verdict, was sufficient for a rational factfinder to conclude beyond a reasonable doubt that Sherls committed theft by taking a motor vehicle. Id. at 889 (1).

2. Sherls claims the trial court erred by refusing his request to play for the jury portions of a videotaped interview of the victim by police investigators. He claims the videotape included prior inconsistent statements by the victim that could have been used to impeach her trial testimony.

---

[1] It was later discovered that the Hyundai had been stolen that morning from the owner's driveway.

The trial transcript shows that, after the victim testified, defense counsel asked the court for permission to play the videotape, explaining that the victim's trial testimony "may have deviated markedly" from her videotaped statements. Counsel did not elaborate or identify any specific prior inconsistent statements by the victim that were allegedly in the videotape. After the trial court denied the request to play the videotape, counsel did not proffer the excluded portions of the videotape.

As this Court has previously held,

[w]here the error alleged is that certain evidence has been wrongfully excluded, the rule is well settled that there must have been a proffer or offer of a definite sort so that both the trial court and the appellate court can know whether the evidence really exists. In the absence of such a proffer, the assignment of error is so incomplete as to preclude its consideration by this court.

(Citations and punctuation omitted.) *Thomas v. State*, 224 Ga. App. 816, 817 (1) (482 SE2d 472) (1997). Accordingly, there is nothing for this Court to review.

3. Sherls complains that the trial court erred in admitting a photographic lineup at trial because it was impermissibly suggestive. He argues that, *"[a]t trial*, the only distinguishing characteristic described by the victim was [Sherls'] round face,"[2] and contends that his photograph was the only one of six that showed a man with a "round face."

Testimony concerning a pre-trial identification of a defendant is inadmissible if the identification procedure was impermissibly suggestive and, under the totality of the circumstances, the suggestiveness gave rise to a substantial likelihood of misidentification. . . . An identification procedure is deemed impermissibly suggestive when it is the equivalent of the authorities telling the witness "This is our suspect."

(Punctuation and footnotes omitted.) *Standfill v. State*, 267 Ga. App. at 615-616 (2). In reviewing the denial of a motion to exclude evidence

---

[2] There is nothing in the record to show that the victim ever described her assailant as having a "round face" prior to the investigator's creation of the photographic lineup or the victim's identification of Sherls from the lineup. In fact, there is nothing in the record to show that the victim *ever* described her assailant as having a "round face." The only description to which Sherls could be referring is the victim's testimony *at trial* — ten months after the lineup was created — that her assailant's head was "rounder."

of a pretrial identification, "we construe the evidence most favorably to upholding the court's findings and judgment, and . . . accept the court's ruling unless clearly erroneous." (Footnote omitted.) *Horton v. State*, 269 Ga. App. 407, 411 (3) (604 SE2d 273) (2004).

Sherls moved to exclude the lineup at trial, arguing that there were "discrepancies" between the victim's description of her assailant and the photographs regarding whether the assailant had facial hair and that these discrepancies required excluding the lineup at trial.[3] Sherls never argued to the trial court that the lineup was impermissibly suggestive because his picture was the only one that showed a suspect with a "round face." The trial court found that the lineup included people of the same general age and race who had similar characteristics and concluded that the lineup was not suggestive of one individual versus another.

Further, there was no evidence that the investigator presented the lineup to the victim in a manner that made it impermissibly suggestive. The investigator testified that he read the victim a photographic lineup admonition which stated that the lineup "may or may not contain a picture of the person who committed the crime now being investigated." The admonition also directed the victim to remember that certain characteristics, such as hair style and facial hair, can be easily changed. Although the victim immediately identified Sherls as the man who stole her car, the investigator never indicated whether she had made the "right selection" of the man suspected of committing the crime.

Accordingly, we find the record supports a conclusion that the photographic lineup procedure in this case was not impermissibly suggestive. *Horton v. State*, 269 Ga. App. at 411-412 (3). Thus, we need not inquire into the likelihood of an irreparable misidentification. *Standfill v. State*, 267 Ga. App. at 616 (2).

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED MARCH 11, 2005.

*Terry N. Massey*, for appellant.

*Richard R. Read, District Attorney, Roberta A. Earnhardt, Assistant District Attorney*, for appellee.

---

[3] The trial court ruled that Sherls could cross-examine the witnesses about the discrepancies and argue this issue to the jury, and defense counsel did so.