A06A1816. THE STATE v. WINTHER.
(638 SE2d 428)

ADAMS, Judge.

The State appeals the grant of Cristin Winther's motion to suppress.

At 3:00 a.m. on June 11, 2005, two officers in two different squad cars were involved in a traffic stop of Winther, and eventually Winther was arrested for driving under the influence of alcohol and failure to maintain lane.[1] She had been driving the car of a friend, who was riding in the passenger seat. Officer Chris Flowers initiated the traffic stop, then Officer Nesbitt arrived and assisted with the DUI field tests. Video cameras were working in both squad cars.

One week prior to the arraignment, Winther filed a motion for discovery that included a request to examine any videotapes. At the arraignment on January 12, 2006, she was formally charged with the two misdemeanors, and trial was scheduled for the March 20, 2006 trial calendar. On March 20, the case was placed on the one-hour call list.

---

[1] We remind the bar that the Rules of the Court of Appeals require that record and transcript citations must be to the volume or part of the record or transcript and the page numbers that appear on the appellate records or transcript as sent from the court below. See Rule 25. This means that parties should not cite to the page number of a document, such as a deposition or affidavit, included in the record but rather to the record page number.

By March 23, Winther's counsel had acquired only one videotape: the videotape from Officer Nesbitt's squad car. On March 23, Winther filed an amended motion to suppress all evidence from the traffic stop on the grounds that Flowers did not have grounds to make the stop. Included therein, Winther noted that "No video surveillance of the stop was produced from Officer Flowers." The motion to suppress alleged, among other things, that Officer Flowers had a history of performing traffic stops on young female drivers without cause and engaging in other inappropriate behavior. The motion alleged that Officer Flowers did not have probable cause to make the stop on Winther and that Officer Flowers lacked credibility. Attached to the motion were numerous internal reports of disciplinary complaints showing similar allegations against Officer Flowers by many young women. The State filed a motion to quash the evidence against Officer Flowers.

The case was called on March 28, and defense counsel explained that he had just received from the State a videotape taken from Officer Flowers' vehicle on the night of the arrest. Counsel moved to exclude the videotape on the ground that he had requested such information in discovery and that he might have counseled his client differently if he had received the videotape earlier. The prosecutor argued that the State did not know of the videotape until that day because it had been in Officer Flowers' possession since the time of the arrest. Moreover, the State argued, for misdemeanor cases the State is only required to produce a copy of the accusation, a list of witnesses, and any scientific reports. The State requested a continuance if the timing of the production was at issue. The court then granted the motion to exclude the Flowers videotape from the hearing on the motion to suppress. Afterward the court heard testimony on the issue of whether the traffic stop should be suppressed because probable cause to stop was lacking.

The State called Officer Flowers, and he testified about the reasons he performed a traffic stop. Defense counsel then cross-examined him on 12 complaints filed by young women alleging that he stopped them for no reason. A defense witness established that 70 percent of the arrests made by Officer Flowers were of women. The defense also called as a witness Winther's friend, Michelle Carter, who was riding in the car that night. She testified that any apparent weaving Winther had done was a result of her giving Winther directions on where to turn. Carter also testified that Winther was driving her car because Winther had only had one drink that night whereas she had three or four. The State never attempted to introduce the videotape from Officer Nesbitt's car nor offer Officer Nesbitt as a witness.

The trial court granted the motion to suppress all evidence of the traffic stop. The court specifically found that Officer Flowers' testimony was not credible and that the testimony of Michelle Carter was. Therefore, the case was dismissed.

The State contends the court erred by disallowing the videotape made by Officer Flowers. The State asserts the videotape was not in its possession until the night before the hearing on the motion to suppress because Officer Flowers had it. The State also contends that it is not required to supply videotape in response to discovery requests in misdemeanor cases.

But the State did not proffer the videotape for inclusion in the record. As a result, there is nothing for this Court to review:

> Where the error alleged is that certain evidence has been wrongfully excluded, the rule is well settled that there must have been a proffer or offer of a definite sort so that both the trial court and the appellate court can know whether the evidence really exists. In the absence of such a proffer, the assignment of error is so incomplete as to preclude its consideration by this court.

(Citations and punctuation omitted.) *Thomas v. State*, 224 Ga. App. 816, 817 (1) (482 SE2d 472) (1997). See also *Sherls v. State*, 272 Ga. App. 152, 154 (2) (611 SE2d 780) (2005) (defendant failed to proffer excluded portions of videotape). Accordingly, the trial court's decision to grant the motion to suppress is affirmed.

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED NOVEMBER 6, 2006.

*Barry E. Morgan, Solicitor-General, Jason B. Fincher, Assistant Solicitor-General*, for appellant.

*Good & Lee, Darice M. Good*, for appellee.