**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

***DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.***

**June 2, 2021**

# In the Court of Appeals of Georgia

A21A0480. IN THE INTEREST OF B. B.

BROWN, Judge.

The State appeals from the juvenile court's order denying the State's motion to transfer a pending delinquency action against B. B. to superior court so that he could be tried as an adult. In its sole enumeration of error on appeal, the State contends that the juvenile court erred in sustaining B. B.'s objection to hearsay testimony in the motion to transfer hearing. For the reasons explained below, we affirm.

1. We first address whether the State may directly appeal from the juvenile court's order pursuant to OCGA § 15-11-564 (a). This Code section provides: "The decision of the court regarding transfer of the case shall only be an interlocutory judgment which either a child or the prosecuting attorney, or both, have the right to

have reviewed by the Court of Appeals." OCGA § 15-11-564 (a). The Supreme Court of Georgia has clarified that this Code provision allows for a direct, rather than an interlocutory appeal, in a case in which juveniles filed a direct appeal from a juvenile court's order granting the State's motion to transfer their delinquency cases to superior court. *In the Interest of K. S.*, 303 Ga. 542, 545-546 (814 SE2d 324) (2018). On its face, § 15-11-564 applies equally to "a child" and "the prosecuting attorney" and is not limited to orders granting motions to transfer, but rather applies more broadly to "[t]he decision of the [juvenile] court regarding transfer of the case." Accordingly, we conclude that the State has a right to file a direct appeal from a juvenile court order denying its motion to transfer to superior court.

2. The State contends that the juvenile court improperly excluded hearsay evidence about what two other people in a car with the juvenile at the time of his arrest said to an investigator with the Georgia Department of Corrections Office of Professional Standards. While the State correctly asserts that hearsay is admissible in transfer hearings, *In the Interest of K. S.*, 348 Ga. App. 440, 441 (1) (823 SE2d 536) (2019), it did not provide a proffer of the investigator's expected hearsay testimony. In the absence of such a proffer, we cannot determine whether the excluded evidence showed, as asserted by the State in its brief, that the juvenile was

2

"culpabl[e] in planning the offense or that he was the person who picked up the contraband that was found in the vehicle." Nor can we determine if there is merit in the State's contention that the juvenile court's order should be reversed and the case remanded to the juvenile court for consideration of the improperly excluded evidence.

> Where the error alleged is that certain evidence has been wrongfully excluded, the rule is well settled that there must have been a proffer or offer of a definite sort so that both the trial court and the appellate court can know whether the evidence really exists. In the absence of such a proffer, the assignment of error is so incomplete as to preclude its consideration by this court.

(Citations and punctuation omitted.) *State v. Winther*, 282 Ga. App. 289, 291 (638 SE2d 428) (2006). Based upon this well settled law, we affirm the juvenile court's decision to deny the State's motion to transfer.

*Judgment affirmed. Doyle, P. J., and Reese, J., concur*.