**THIRD DIVISION**
**DOYLE, P. J.,**
**GOBEIL, J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**April 28, 2023**

# In the Court of Appeals of Georgia

A23A0849. BARRETT v. THE STATE.

PHIPPS, Senior Appellate Judge.

A jury found Jason Barrett guilty of one count each of child molestation, false imprisonment, and battery, as well as several counts of simple battery, which the trial court merged into the battery conviction. Barrett appeals from the denial of his motion for a new trial, contending that the trial court erred by refusing to admit evidence of his mental deficiencies and handicaps and by denying his motion for a mistrial after a witness testified about other bad acts Barrett allegedly committed. For the reasons that follow, we discern no reversible error and affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys a presumption of innocence. *Duran v. State*, 274 Ga. App. 876, 877 (1) (619 SE2d 388) (2005). So

viewed, the record shows that, on the day in question, then sixteen-year-old Barrett and the five-year-old victim were playing video games at Barrett's house. At some point, the two entered a closet, where Barrett lowered the victim's pants and underwear, covered the victim's mouth and nose with his hand, and placed his penis against the victim's buttocks while the victim kneeled on the floor. Although the victim "scream[ed]" for help, Barrett prevented him from getting up and slapped him in the face.

A grand jury indicted Barrett for one count each of aggravated child molestation, aggravated sodomy, false imprisonment, and battery; two counts of child molestation; and three counts of simple battery. At trial, following the State's case-in-chief, the trial court directed a verdict of acquittal on one of the child molestation counts. The jury thereafter found Barrett not guilty of aggravated child molestation and aggravated sodomy, but guilty of the remaining charges. The trial court merged the three simple battery convictions into the battery conviction and imposed a total sentence of ten years in prison, to be followed by twenty years on probation. Barrett filed a motion for a new trial, which the trial court denied, and this appeal followed.

1. Barrett was deemed incompetent to stand trial in August 2012, but was restored to competency one year later. On the first day of trial, during the parties'

2

discussions of the State's motions in limine, the State brought up the possibility that Barrett might testify about his competency. Defense counsel responded that Barrett ought to be able to testify about "who he is, what grade he's in, whether he's had sufficient problems before, medicines he takes, things of that nature." Counsel maintained that those topics "would be pertinent for the jury to know who this person actually is, in testifying since they take his credibility into issue." When asked how Barrett's medications would be material, defense counsel responded, without elaboration, that "he takes medications for certain mental deficiencies that he has been born with." The trial court ruled that testimony as to Barrett's "mental condition[ ]" or past competency would have to come from an expert, not Barrett himself, and that any testimony about medications Barrett was taking was immaterial and therefore inadmissible. Barrett thereafter chose not to testify at trial. He contends on appeal that the trial court erred by prohibiting testimony from him or other witnesses about his mental deficiencies and handicaps. While we agree that the trial court erred, Barrett has not met his burden of showing harm.

We review a trial court's evidentiary rulings for abuse of discretion. *Moreland v. State*, 356 Ga. App. 452, 454 (1) (847 SE2d 641) (2020). The admissibility of lay

witness opinion testimony is governed by OCGA § 24-7-701, which provides, in relevant part:

> (a) If the witness is not testifying as an expert, the witness's testimony in the form of opinions or inferences shall be limited to those opinions or inferences which are:
>
>> (1) Rationally based on the perception of the witness;
>>
>> (2) Helpful to a clear understanding of the witness's testimony or the determination of a fact in issue; and
>>
>> (3) Not based on scientific, technical, or other specialized knowledge within the scope of Code Section 24-7-702[, addressing expert opinion testimony].

Under this statute, "if the facts are given on which opinions are based, laymen are competent to give opinions on a person's mental condition." *Moreland*, 356 Ga. App. at 454 (1) (citation and punctuation omitted); see also generally *Dix v. State*, 238 Ga. 209, 213 (2) (232 SE2d 47) (1977) (observing that the Supreme Court of Georgia "has repeatedly held that a person's state of mind or mental condition is properly the subject of opinion testimony and that after narrating the facts and circumstances upon

which his conclusion is based, a nonexpert witness may express his opinion as to the state of mind or mental condition of another").[1]

Here, before the trial court, Barrett sought to admit only his own testimony as to his "mental condition," past competency, and current medications. Consequently, his claims on appeal regarding testimony from other potential witnesses (including his mother) about these topics — issues on which he did not seek rulings from the trial court — present nothing for us to review. See *Jackson v. State*, 252 Ga. App. 16, 16-17 (2) (555 SE2d 240) (2001) ("Issues presented for the first time on appeal furnish nothing for us to review, for this is a court for correction of errors of law committed by the trial court where proper exception is taken, because one may not abandon an issue in the trial court and on appeal raise questions or issues neither raised nor ruled on by the trial court.") (citation and punctuation omitted).

Because Barrett necessarily would have a proper basis to give an opinion of his own mental condition, the trial court erred when it prohibited him from providing any

---

[1] Decisions addressing prior versions of the Evidence Code properly may bear on the construction of OCGA § 24-7-702. See generally *Moreland*, 356 Ga. App. at 454-455 (1) (relying on decisions pre-dating the 2013 effective date of the current Evidence Code to address the admissibility of testimony under OCGA § 24-7-702); see also Ga. L. 2011, pp. 99, 123, 214, §§ 2, 101 (current Evidence Code became effective on January 1, 2013).

such testimony. See OCGA § 24-7-701 (a) (1); see also generally *Moreland*, 356 Ga. App. at 454 (1) (concluding that the trial court properly admitted testimony from the brother of a sexual assault victim to the effect that the victim "had the mindset of maybe a ten-year-old child") (punctuation omitted); compare *Dix*, 238 Ga. at 213 (2) (holding that the trial court properly admitted a deputy sheriff's testimony that "the defendant was 'putting on an act' by feigning grief"), and *Currelley v. State*, 145 Ga. App. 29, 30 (3) (243 SE2d 307) (1978) (holding that the trial court properly allowed a social worker who interviewed the defendant to state an opinion that the defendant was not psychotic), with *Leonard v. State*, 157 Ga. App. 37, 38-39 (1) (276 SE2d 94) (1981) (physical precedent only) (concluding that the trial court erred when it "refuse[d] to permit the defense to question two of the state's witnesses as to their opinion of the sanity of the defendant, based on the actions and utterances of the defendant that they had just related to the court").

However, Barrett cannot establish prejudice because he did not proffer to the trial court the substance of any potential testimony that was excluded by the court's ruling.[2] See *Whitelock v. State*, 349 Ga. App. 28, 35 (1) (825 SE2d 426) (2019)

---

[2] During the hearing on Barrett's motion for a new trial, the parties admitted by stipulation the 2013 psychological evaluation restoring Barrett to competency. But at no point during the hearing did Barrett identify with any level of specificity which

(absent "a proffer or offer of a definite sort" of evidence excluded by a trial court, an appellant cannot establish that the excluded evidence would have been favorable to his defense, "so that his defense was prejudiced by the exclusion thereof") (citation and punctuation omitted); *Sherls v. State*, 272 Ga. App. 152, 154 (2) (611 SE2d 780) (2005) (an appellant cannot establish reversible error in the exclusion of evidence he did not proffer to the trial court). Absent such a proffer, there is no basis for this Court to conclude that Barrett was harmed by the exclusion of his potential testimony. See *Whitelock*, 349 Ga. App. at 35 (1); *Sherls*, 272 Ga. App. at 154 (2); accord *Stack-Thorpe v. State*, 270 Ga. App. 796, 802 (4) (b) (608 SE2d 289) (2004) (absent a proffer of evidence excluded by the trial court, the ruling is not a ground for reversal); see also OCGA § 24-1-103 (a) ("Error shall not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected . . . ."); *Butler v. State*, 363 Ga. App. 753, 766-767 (9) (871 SE2d 902) (2022) ("An appellant

---

parts of the evaluation — if any — would have been part of any potential testimony he may have provided. Similarly, when his trial counsel was asked during that hearing to convey his "understanding of what Mr. Barrett would have testified to if the Court had not ruled against [him,]" counsel testified, without elaboration, "I wanted to be able to put his testimony up and his ability to think and reason so that if he was cross-examined, he'd be able to — you know, the jury could know, you know, basically the State's taking advantage of somebody that's not quite as intelligent as them."

must show harm as well as error to prevail on appeal; error to be reversible must be harmful.") (citation and punctuation omitted). Barrett's challenge in this regard thus presents no basis for reversal.[3]

2. Immediately after the incident, the victim told his mother only that Barrett hit him several times. The victim's mother reported the allegations to law enforcement, but Barrett was not arrested at that time. The victim first disclosed the sexual abuse to his mother later that day or the next day. During the mother's testimony about the disclosure, she stated, "And I said [to the victim], if we called the police again would you be able to tell them the same thing you just told me. And he wouldn't look at me. And I said . . . if you don't, this can happen to other kids. And he looked straight up at me and he said, oh no, he does it to kids all the time."

The trial court sustained defense counsel's objection and instructed the jury, "Ladies and gentlemen, as the past response was inappropriate and was ruled out

---

[3] We note that the jury heard some evidence of Barrett's cognitive challenges from two sources. In that regard, portions of the audiovisual recording of his interview with law enforcement were played for the jury. During that interview, Barrett's speech patterns and physical demeanor were consistent with some level of cognitive limitations. Additionally, a law enforcement officer who spoke with Barrett on the day of the incident testified, "It appeared that he had maybe some type of learning disorder. He wasn't really comprehending everything I was saying and the meaning of what I was asking him."

previously by the Court and instructed not to answer, make that response [sic]. Is there anyone on this jury who can not disregard the response to the last question? Put it out of your mind and make no consideration of it." The court then asked the jury, "Is there anyone who cannot do that?" No jurors responded. Following the mother's direct examination, defense counsel moved for a mistrial based on the mother's statement about other bad acts allegedly committed by Barrett. Barrett enumerates the denial of the motion as error.

> When prejudicial matter is improperly placed before the jury, a mistrial is appropriate if it is essential to the preservation of the defendant's right to a fair trial. . . . Whether the statements are so prejudicial as to warrant a mistrial is within the trial court's discretion. A trial court's denial of a motion for mistrial based on the improper admission of bad character evidence is reviewed for abuse of discretion by examining factors and circumstances, including the nature of the statement, the other evidence in the case, and the action taken by the court and counsel concerning the impropriety.

*Bell v. State*, 311 Ga. App. 289, 292 (2) (715 SE2d 684) (2011) (citations and punctuation omitted).

Here, immediately following the testimony at issue, the trial court both gave the jury a limiting instruction and affirmatively asked whether the jurors could

9

comply with the instruction. Moreover, we note that the jury acquitted Barrett of the most serious charges — aggravated child molestation and aggravated sodomy, both of which carried minimum sentences of 25 years in prison. See OCGA §§ 16-6-2 (b) (2); 16-6-4 (d) (1) (2014). Under these circumstances, we cannot say that the trial court abused its discretion when it determined that this isolated event during Barrett's three-day trial was not so prejudicial as to deny Barrett his right to a fair trial. See *Bell*, 311 Ga. App. at 292 (2); see also *Jones v. State*, 250 Ga. 166, 168 (3) (296 SE2d 598) (1982) (the trial court did not abuse its discretion in denying a mistrial in a murder trial where a State witness improperly testified that the defendant previously had fired a gun at others under similar circumstances); *Walker v. State*, 132 Ga. App. 274, 275 (3) (208 SE2d 5) (1974) ("[I]f the trial judge acts immediately, and in the exercise of his discretion takes such action as in his judgment prevents harm to the accused as a result of . . . improper statements, a new trial will not be granted unless it is clear that such action failed to eliminate from the consideration of the jury such improper statements.") (citations and punctuation omitted); see also generally *Williams v. State*, 328 Ga. App. 876, 880 (1) (763 SE2d 261) (2014) (a proper application of abuse-of-discretion review recognizes that there is a "range of possible conclusions the trial judge may reach" and that we often will affirm a trial court

ruling under an abuse-of-discretion standard "even though we would have gone the other way had it been our call") (citation and punctuation omitted).

*Judgment affirmed. Doyle, P. J., and Gobeil, J., concur*.