## S91A0242. THE STATE v. DAVIS.
(404 SE2d 100)

FLETCHER, Justice.

The trial court granted Troy Anthony Davis' motion to suppress

---

evidence seized in a search of his residence, and the state appeals.

The record shows that police officers obtained an arrest warrant for Davis for the alleged murder of a police officer. More than 20 officers proceeded to Davis' residence, cordoning off the surrounding streets. Officers found no one at home and waited there between 30 and 45 minutes until Davis' mother returned home around midnight. One officer testified that plans were being made to force entry into the residence when Mrs. Davis came home.

Davis' mother and sister testified that they were not permitted to approach the house, and that they were frightened because a number of police officers had rifles pointed at their home. Officers informed Davis' mother that they were looking for him and the alleged murder weapon. Mrs. Davis testified that she gave officers a key to her house when they informed her they would break down the door if she refused to do so. Mrs. Davis further testified that she never gave officers permission to search her home and that the police never showed her a consent to search form. Police officers testified that Mrs. Davis did give verbal consent to the search although she refused to sign the consent to search form.

In seeking to justify a warrantless search, the state carries the burden of showing " 'that the consent was . . . freely and voluntarily given.' " *Bumper v. North Carolina*, 391 U. S. 543, 548 (88 SC 1788, 20 LE2d 797) (1968); *Dean v. State*, 250 Ga. 77, 80 (295 SE2d 306) (1982). In this case the state had the burden of showing that Mrs. Davis made a "free and unconstrained choice," *Schneckloth v. Bustamonte*, 412 U. S. 218, 225. (93 SC 2041, 36 LE2d 854) (1973), to give officers the key, thereby consenting to a search of her home.

The trial court found that, due to "coercive conditions," Mrs. Davis "gave up the key to the house, but refused to sign the consent form. The Court finds that [Mrs. Davis] did not freely and voluntarily grant the police the right to search her home." We interpret the trial court's order as a finding that, by giving officers a key to her house, Mrs. Davis consented to their entry but that this consent was not freely and voluntarily given.

To reach these conclusions the trial court was required to accept Mrs. Davis' testimony that she gave the house key to police only because they threatened forcible entry if she did not do so. "Unless clearly erroneous, the trial court's ruling on disputed facts and credibility at a suppression hearing must be accepted on appeal." *Dean v. State*, 250 Ga., supra at 80.[1] The trial court's findings in this regard

---

[1] We recognize that the standard of appellate review may be different in a case where the trial court's finding of voluntariness results from an application of the law to *undisputed* facts. See generally *United States v. Garcia*, 890 F2d 355 (11th Cir. 1989); Justice Hunt's special concurrence in *State v. McBride*, 261 Ga. 60 (401 SE2d 484) (1991).

are supported by the record and are not clearly erroneous. Therefore, the trial court did not err in granting the motion to suppress.

*Judgment affirmed. All the Justices concur, except Smith, P. J., who dissents.*

DECIDED MAY 10, 1991.

*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney,* for appellant.

*Barker & Edenfield, Robert E. Barker, Falligant & Toporek, Robert E. Falligant, Jr., Nancy A. Askew,* for appellee.