A92A0444. THE STATE v. NORRINGTON.
(417 SE2d 203)

McMurray, Presiding Judge.

Defendant Norrington is charged by indictment with the offense of having cocaine under his control in violation of the Georgia Controlled Substances Act. The State appeals the grant of defendant's motion to suppress evidence, the residue of cocaine found on a crack pipe in defendant's possession. *Held*:

Two deputy sheriffs traveled in a marked patrol car to an area known for the buying and selling of drugs. One of the deputies saw defendant sitting alone, approached defendant, and engaged in conversation with him, explaining who he was and why he was there. The deputy, assigned to the Night Hawk Unit established to combat the street sale of illegal drugs, was dressed in a black uniform with sheriff's emblems on the sleeves, a badge on the chest, "Sheriff's Department" was written in large letters across the back of the uniform, and the deputy had on his "web gear" supporting his weapons and other equipment.

After asking defendant and being told that defendant lived elsewhere, was visiting a friend, and that the friend was not present at that time, the deputy asked defendant to consent to a search of his person for drugs. Defendant responded that he did not mind the deputy searching him and stood up so that the deputy could search him. During the ensuing search of defendant the deputy reached into defendant's "left rear pants pocket and removed a metal tube approximately three to four inches in length, brown in color, with a small piece of rubber hose located on one end and then the other end was impacted with what appeared to be steel wool with a greyish ash color on the steel wool with a black pitch around the tip of it." The deputy, recognizing that the device was a crack pipe or stem and knowing that possession of such devices is a criminal offense and that the devices sometimes retain a residue of cocaine, arrested defendant.

Defendant acknowledged that he consented to the search of his person and that the deputy did not threaten or coerce him in any

way. However, defendant also testified that at the time of the incident he did not know that he had the right to deny the request for consent for the search. The deputy did not inform defendant of his right to deny consent for the search. There was no evidence that the deputy had probable cause to search defendant, nor any evidence that the deputy had a reasonable basis for an articulable suspicion such as would authorize a "pat-down" of defendant for the deputy's protection.

Where the State seeks to justify a warrantless search on grounds of consent, it has the burden of proving that the consent was freely and voluntarily given. *Garcia v. State*, 195 Ga. App. 635, 636 (1) (394 SE2d 542); *Hunter v. State*, 190 Ga. App. 52, 53 (378 SE2d 338). Voluntariness of consent is a factual determination to be made from a consideration of the totality of the circumstances. *Walton v. State*, 194 Ga. App. 490, 491 (2), 492 (390 SE2d 896); *Miller v. State*, 194 Ga. App. 338 (1) (390 SE2d 291). "A trial court's decision of questions of fact and credibility at a suppression hearing must be accepted unless clearly erroneous. *Santone v. State*, 187 Ga. App. 789, 790 (371 SE2d 428)." *Garcia v. State*, 195 Ga. App. 635, 636 (1), 637, supra.

The colloquy at the hearing on defendant's motion to suppress indicates that the superior court determined that the State had not satisfied its burden of proving that the consent was freely and voluntarily given. In looking at the totality of the circumstances so as to determine the voluntariness of the consent, the superior court may consider such "factors as the age of the accused, his education, his intelligence, the length of detention, whether the accused was advised of his constitutional rights, the prolonged nature of questioning, the use of physical punishment, and the psychological impact of all these factors on the accused. In determining voluntariness, no single factor is controlling. [Cit.]" *Dean v. State*, 250 Ga. 77, 80 (295 SE2d 306). Therefore, the superior court was authorized to consider the absence of any attempt by the deputy to advise defendant of his constitutional rights along with defendant's testimony that he did not believe that he had any right to refuse to consent to the search and determine that the State had failed to satisfy its burden of showing that the consent to search was, in fact, freely and voluntarily given.

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED MARCH 12, 1992 —
RECONSIDERATION DENIED MARCH 25, 1992 — ▮▮▮▮

*Robert E. Keller, District Attorney, Albert B. Collier, Assistant District Attorney,* for appellant.

*Melnick, Moore & Elliott, Larry M. Melnick,* for appellee.