A99A1124. MARTINEZ v. THE STATE.
(522 SE2d 53)

MILLER, Judge.

Martin Martinez was convicted of possession of cocaine. He was a passenger in a vehicle that was stopped during a police roadblock. A search of his person revealed cocaine folded into a dollar bill found in his wallet. Finding the search was consensual, the trial court denied his motion to suppress the evidence, which order he appeals. After review, we affirm the judgment of the trial court.

When reviewing the decision of the trial court on a motion to suppress, the evidence is construed most favorably to uphold the court's findings and judgment. *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994); *Lewis v. State*, 233 Ga. App. 560 (1) (504 SE2d 732) (1998). If there is any evidence to support the trial court's findings on disputed facts and credibility, they will not be disturbed unless clearly erroneous.

The trial court found that the vehicle was stopped at a valid roadblock and that while there was no probable cause to search Martinez, he consented. Police officials may use a roadblock to require motorists to display their driver's license as long as it does not invade their right to access public ways or cause unreasonable interception. *Payne v. State*, 232 Ga. App. 591, 592 (1) (502 SE2d 526) (1998). The factors to be considered in determining the validity of a roadblock include whether (1) supervisory personnel made the decision to implement the roadblock, (2) all passing vehicles were stopped, (3) the delay was minimal, and (4) the operation was easily identified as a police checkpoint. Id. In this case, there was no evidence that the

delay to Martinez and the driver was excessive or that the roadblock was not well identified. An officer testified that the authority to set up the roadblock was given by a superior officer and that every vehicle was stopped. Evidence supports the court's finding that the roadblock was valid. See *LaFontaine v. State*, 269 Ga. 251, 252 (3) (497 SE2d 367) (1998).

Martinez contends that he did not freely and voluntarily consent to the search and that he was not told he had a right to refuse. The searching officer testified at the suppression hearing that he requested permission of Martinez to search his person and that Martinez consented. A search based on voluntary consent eliminates the need for a search warrant or probable cause. *Dean v. State*, 250 Ga. 77, 80 (295 SE2d 306) (1982). The law does not require that a party be told of his right to refuse a search or terminate a search. *Semelis v. State*, 228 Ga. App. 813, 814 (1) (a) (493 SE2d 17) (1997). While giving such information may be considered, voluntariness is determined by the totality of the circumstances,

> including such factors as the age of the accused, his education, his intelligence, the length of detention, whether the accused was advised of his constitutional rights, the prolonged nature of questioning, the use of physical punishment, and the psychological impact of all these factors on the accused.

*Dean*, supra, 250 Ga. at 80. No single factor controls. Id.

Martinez was thirty-three years old with an eighth-grade education. There was no evidence of a lengthy detention, and Martinez did not suffer any physical punishment. Although Martinez was not advised of his constitutional rights, the questioning was limited to whether he had any drugs or weapons on his person and whether he consented to being searched. Testimony differed as to whether the driver of the vehicle was handcuffed prior to Martinez being searched, but the trial court made no finding of fact on this issue, precluding further review.

Martinez cites *State v. Norrington*, 203 Ga. App. 574, 575 (417 SE2d 203) (1992), for the proposition that failure to notify the accused of the right not to consent coupled with his belief that he could not refuse or terminate consent establishes a lack of voluntariness. *Norrington* held only that the trial court is authorized to consider the absence of any attempt to advise the accused of his right not to consent as one among many factors. See *Semelis*, supra, 228 Ga. App. at 814.

Evidence supports the trial court's ruling that appellant consented to the search and that the search was voluntary.

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED AUGUST 18, 1999.

*Alfred J. Powell, Jr., Richard L. Waters, Jr.*, for appellant.
*J. Brown Moseley, District Attorney, Robert R. Auman, Assistant District Attorney*, for appellee.