## A00A1432. GILBERT v. THE STATE.
### (539 SE2d 506)

BLACKBURN, Presiding Judge.

Following a jury trial, Varrick Gilbert appeals his conviction for trafficking in cocaine, contending that the trial court erred by denying his motion to suppress 28 grams of crack cocaine found in a car in which he was a passenger. Because Gilbert was a mere passenger in

---

[10] *Thompson v. State*, 181 Ga. App. 832, 833 (3) (354 SE2d 20) (1987).

the car, asserted no ownership interest in the car or its contents, and had no expectation of privacy in the car, we find that Gilbert lacked standing to argue that the vehicle was improperly searched and affirm the conviction.

> When reviewing a trial court's decision on a motion to suppress, this court's responsibility is to ensure that there was a substantial basis for the decision. The evidence is construed most favorably to uphold the findings and judgment, and the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous. Further, since the trial court sits as the trier of fact, its findings are analogous to a jury verdict and will not be disturbed if there is any evidence to support them.

(Citations omitted.) *Morgan v. State*.[1]

Viewed in the light most favorable to the verdict, the record shows that the police stopped Santeba Walker, Gilbert's girlfriend, for driving erratically. After a drug dog indicated the presence of illegal drugs, the police searched Walker's car and discovered 28 grams of cocaine. Gilbert contends that the search exceeded the scope of the traffic stop and was improper.

Even if we were to agree with Gilbert that the search in this case was inappropriate, we would, nonetheless, be required to affirm the trial court because Gilbert, as a mere passenger, had no standing to contest the search of the vehicle.

> "(A) mere passenger who asserts an interest in neither the car nor the property found in it has no standing to object to the search of the automobile. *Rakas v. Illinois*, 439 U. S. 128 (99 SC 421, 58 LE2d 387) (1978)." *McGhee v. State*, 253 Ga. 278, 279 (1) (319 SE2d 836) [(1984)]. In the case sub judice, [Gilbert] " 'asserted neither a property nor a possessory interest in the automobile, nor an interest in the [contraband] seized.' (Cits.)" *Mecale v. State*, 186 Ga. App. 276, 278 (367 SE2d 52) [(1988)]. Consequently, he held no legitimate expectation of privacy which was infringed by the traffic stop.

*Ballard v. State*.[2]

Gilbert's argument that he cannot be considered a mere passenger because the searched car belonged to his girlfriend does not

---

[1] *Morgan v. State*, 195 Ga. App. 732, 735 (3) (394 SE2d 639) (1990).
[2] *Ballard v. State*, 216 Ga. App. 315, 316 (454 SE2d 200) (1995).

change this result, as Gilbert never asserted any property interest of his own in the car or its contents. *Rakas*, supra. We decline to accept Gilbert's contention that his status as the car owner's boyfriend automatically gave him an expectation of privacy in the vehicle. Moreover, we have found a passenger's dating relationship with the car owner irrelevant to cases such as this in the past. See *Meyer v. State*.[3]

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED SEPTEMBER 7, 2000.

*Cramer & Peavy, Timothy C. Cramer,* for appellant.
*Richard G. Milam, District Attorney, James L. Moss, Jr., Assistant District Attorney,* for appellee.

---

[3] *Meyer v. State*, 150 Ga. App. 613 (258 SE2d 217) (1979).