## A00A2041. BUCKHOLTS v. THE STATE.
### (545 SE2d 99)

BLACKBURN, Chief Judge.

Following a jury trial, Kelvin J. Buckholts appeals from his conviction for violating the Georgia Controlled Substances Act, OCGA § 16-13-30, by possessing marijuana with the intent to distribute. Buckholts contends that the evidence was insufficient to support his conviction and that the trial court erred by: (1) denying his motion to suppress evidence seized in a search of his home; (2) failing to declare a mistrial after two jurors were seen talking to the chief investigator as they left the building after the jurors were seated on the jury, but before any evidence was presented; and (3) allowing selection of a jury panel from the same jury pool from which a prior jury panel was selected but dismissed due to a mistrial. For the reasons discussed below, we reverse.

1. We first address the sufficiency of the evidence. On appeal from a criminal conviction,

> the evidence must be viewed in the light most favorable to support the verdict, and [Buckholts] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The standard for reviewing a denial of a motion for a directed verdict of acquittal is whether under the rule of *Jackson v. Virginia*,[1] the evidence was sufficient for a rational trier of fact to find beyond a rea-

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

sonable doubt that the defendant was guilty of the charged offense.

*Lowery v. State.*[2]

So viewed, the record shows that the police received information from the South Georgia Drug Task Force that drugs were being sold from a certain home. Two officers went to the residence "to conduct a knock and talk." Investigator Eric Robinson knocked on the door and informed a woman inside the home that his name was Eric and that he was from the sheriff's department. A few minutes later, Buckholts came to the door. Robinson asked Buckholts if they could search the house. A short while later, Buckholts agreed to the search.

Upon entry, Officer Robinson observed co-defendant Marsha Lynn Courson and her son in the living room. The officers first searched the back bedroom, which belonged to Buckholts, and then the adjacent bathroom. The police found a plastic bag containing 11.9 grams of marijuana floating in the toilet. The police then placed Buckholts under arrest and proceeded to the living room/kitchen area. There, the police found a notebook with "suspected drug sales written on it," two sets of scales, and a box of plastic sandwich bags in a kitchen drawer. The police also found two cigarette boxes under the seat cushions in the living room. One box contained a marijuana cigarette, the other some loose marijuana. The police also arrested Courson.

Investigator Ivan Davis, the officer who accompanied Robinson into the home, was qualified as an expert witness in the field of investigation in the methods of sale and distribution of marijuana. Davis testified that the notepad listing names and numbers was typical of a record a distributor would keep showing how much drugs each customer has purchased. Davis also testified that the denominations of money spent on the purchases, $10 and $20, were typical of marijuana purchases. Davis further testified that the two sets of scales found in the kitchen were typically used to weigh marijuana in preparation for sale, whereas a person who has marijuana simply for their own use would have no need for such scales. The plastic sandwich bags were often used by distributors to package the drugs for sale.

Buckholts and Courson both were indicted on one count of possession with intent to distribute marijuana. The jury found Buckholts guilty as charged, but acquitted Courson.

"[I]t is unlawful for any person to manufacture, deliver, distribute, dispense, administer, sell, or possess with intent to dis-

---

[2] *Lowery v. State*, 242 Ga. App. 375 (530 SE2d 22) (2000).

tribute any controlled substance." OCGA § 16-13-30 (b). To support a conviction of possession of a controlled substance with intent to distribute, the State must prove possession and link that possession to the enterprise of the sale. *Bethea v. State.*[3] The State can establish such a link through circumstantial evidence. See *King v. State.*[4] Nonetheless, where, as here, a conviction hinges on circumstantial evidence, the evidence must exclude every reasonable hypothesis except that of guilt. See *Clark v. State.*[5] Buckholts argues that the State did not exclude every reasonable hypothesis except that of guilt. We disagree.

In *Clark*, this Court concluded that the State did not exclude every reasonable hypothesis except that of guilt, noting in part that "the [S]tate produced no evidence that Clark had scales, guns, cash, drug packaging materials, or a large quantity of marijuana." *Clark*, supra at 269. Here, the State has excluded all reasonable hypotheses except that of guilt. Expert testimony at trial established that the scales and notebook were consistent with drug distribution operations. Buckholts argues that a reasonable hypothesis is that the scales and notebooks belonged to Courson. The jury, however, rejected this theory by acquitting Courson.

2. Buckholts contends that the trial court erred by denying his motion to suppress because his consent was coerced. We disagree.

Before trial, Buckholts filed a motion to suppress the evidence seized from his home pursuant to the warrantless search by Officers Robinson and Davis. At the hearing on the motion, Officer Robinson testified that he told Buckholts that he had received information that marijuana was being sold from his home and asked him whether he minded if he searched the residence. The officers did not have their guns out. Officer Davis told Buckholts that he smelled marijuana. Robinson recalled that Buckholts "was a little hesitant about opening the door at first, but he agreed to let us search."

Buckholts testified that he asked the officers for a warrant and that they responded that they did not need one because they smelled marijuana smoke. Buckholts further testified that the officers forced the door open. At the close of the hearing, the trial court denied the motion, finding that Buckholts had given consent.

Generally, a search based on voluntary consent eliminates the need for a search warrant or probable cause. *Martinez v. State.*[6] "A trial court's order on a motion to suppress will not be disturbed if there is any evidence to support it, and the trial court's decision with

---

[3] *Bethea v. State,* 220 Ga. App. 800 (470 SE2d 328) (1996).
[4] *King v. State,* 238 Ga. App. 575, 576 (519 SE2d 500) (1999).
[5] *Clark v. State,* 245 Ga. App. 267 (537 SE2d 742) (2000).
[6] *Martinez v. State,* 239 Ga. App. 662, 663 (522 SE2d 53) (1999).

regard to questions of fact and credibility must be accepted unless clearly erroneous." *Hobdy v. State.*[7]

Here, the trial court made a credibility determination and concluded that Buckholts gave voluntary consent. Finding no clear error, we uphold the trial court's denial of the suppression motion.

3. Defense counsel brought to the court's attention that she observed Officer Robinson conversing with two of the jurors as they were leaving the courthouse on the day the jury was struck, which was the day before the trial actually began. Although defense counsel did not know the nature of the conversation that took place, Buckholts moved for a mistrial. Without questioning the jurors or Officer Robinson about the incident, the trial court ruled, "[w]ithout there being any . . . evidence or anything of that nature I would overrule the motion [for a mistrial]."

Buckholts contends that the trial court erred by denying his motion for a mistrial.

> There is a presumption of prejudice to the defendant when an irregularity in the conduct of a juror is shown and the burden is on the prosecution to prove beyond a reasonable doubt that no harm has occurred. However, we have also recognized that some irregularities are inconsequential. The decision whether to remove a juror from a panel lies within the sound discretion of the trial court and will not be overturned absent an abuse of that discretion.

(Citations and punctuation omitted.) *Pinkins v. State.*[8]

Given the presumption of prejudice to the defendant, the trial court abused its discretion by denying the motion for a mistrial without first determining the nature of the conversation that took place between the jurors and the officer and what impact, if any, this irregularity had upon the jurors. We are therefore compelled to reverse.

4. Buckholts contends that the trial court erred by allowing selection of a second jury panel from the same jury pool from which the first jury panel was selected. Because we are reversing, we need not address this issue.

*Judgment reversed. Eldridge and Barnes, JJ., concur.*

DECIDED JANUARY 25, 2001.

*Valerie T. Bryant,* for appellant.

---

[7] *Hobdy v. State,* 222 Ga. App. 625 (475 SE2d 686) (1996).

[8] *Pinkins v. State,* 243 Ga. App. 737, 741 (534 SE2d 192) (2000).

*J. David Miller, District Attorney, J. Bennett Threlkeld, Assistant District Attorney*, for appellee.