A03A2286. POLLARD v. THE STATE.
(595 SE2d 574)

PHIPPS, Judge.

A jury found Michael Pollard guilty of possession of amphetamine and marijuana after a warrantless search of his residence yielded those substances. Pollard moved to suppress the results of the search, arguing that the police had used a coercive "knock and

talk" procedure and that his consent had not been voluntary. The trial court denied the motion, and Pollard appeals. Finding no error, we affirm.

In reviewing a trial court's denial of a motion to suppress, our task is to ensure that there was a substantial basis for the court's decision.[1] We construe the evidence most favorably to uphold the judgment, and we accept the court's findings on disputed facts and credibility unless they are clearly erroneous.[2] "Further, since the trial court sits as the trier of fact, its findings are analogous to a jury verdict and will not be disturbed if there is any evidence to support them."[3]

Viewed in the light most favorable to the trial court's decision, the record shows that on the evening of June 24, 2000, Sergeant Chris Barrett of the Forsyth County Sheriff's Office stopped a car for having a broken windshield and no headlight. Barrett asked the passenger, Michael Edwards, to step out of the car, and as Edwards did so, a bag of methamphetamine fell from his clothing. Edwards said that he had just obtained the methamphetamine from Pollard, who had "as much as you want." Barrett then summoned Detective Joseph Blackard, who specialized in narcotics investigations, to the scene.

Barrett and Blackard, along with two other police officers, drove to Pollard's house at approximately 1:30 a.m. Pollard, then 33 years old, was standing in the doorway with the porch light on. Blackard walked up the steps, identified himself, and asked if the officers "could speak to [Pollard] about an issue." According to Blackard, Pollard "said sure. He opened up the door and we went into the living room area of the residence." Pollard invited the officers to sit down.

Barrett and Blackard saw two partially burned marijuana cigarettes in an ashtray on the coffee table. Blackard told Pollard

> that some individuals had been apprehended that had been in possession of some Methamphetamine. That they had informed me that they had obtained the Methamphetamine from him. Provided a good description of where he lived and I told him that I suspected that . . . there was more dope at the residence.

Pollard responded that "there was no dope in the residence." Blackard asked him two more times if there were drugs in the house, and Pollard said no.

---

[1] *Gilbert v. State*, 245 Ga. App. 809, 810 (539 SE2d 506) (2000).
[2] Id.
[3] (Citation and footnote omitted.) Id.

Blackard then asked if Pollard would consent to a search of his residence for drugs. Blackard stated that he never raised his voice and that he told Pollard he could refuse to consent to the search. Pollard said, "Go ahead. Check wherever you want." Blackard testified that no more than ten minutes elapsed from the time the officers arrived at the house until Pollard consented to the search. Blackard searched the house and found, among other things, amphetamine and marijuana.

Pollard did not testify at the motion to suppress hearing, nor at trial.

1. Pollard claims that the search was invalid because the officers did not obtain a warrant, even though there was probable cause to support the issuance of one. But voluntary consent eliminates the need for a search warrant.[4]

2. Pollard next argues that his consent was not voluntarily given, but was instead the product of police coercion. Whether consent was voluntarily given generally is a question of fact for the trial court.[5] The trial court should consider the totality of the circumstances,

> including such factors as the age of the accused, his education, his intelligence, the length of detention, whether the accused was advised of his constitutional rights, the prolonged nature of questioning, the use of physical punishment, and the psychological impact of all these factors on the accused.[6]

In this case, the trial court concluded that Pollard had voluntarily invited the officers into his home, had consented to the search, and had not been coerced:

> [T]he Defendant voluntarily granted access to his home to the officers. . . . Even though Detective Blackard asked at least three times if there were any illegal drugs in the home, he only asked once for consent to search the home and the Defendant granted the request. While it would have concerned the Court if Detective Blackard had asked more than once for consent to search the home, there is no evidence that this is what happened. The Court further finds that the entire encounter lasted no less than three minutes and no more than ten minutes; the Defendant was of a sufficient age; there was no coercion; the Defendant was advised of his

---

[4] *Buckholts v. State*, 247 Ga. App. 697, 699 (2) (545 SE2d 99) (2001).

[5] *State v. Baker*, 261 Ga. App. 258, 260 (582 SE2d 133) (2003).

[6] (Citation omitted.) *Martinez v. State*, 239 Ga. App. 662, 663 (522 SE2d 53) (1999).

right to refuse the request; the nature of the questioning was not prolonged; there was no physical punishment; and there is no evidence of any psychological impact upon the Defendant.

Because evidence in the record supports the trial court's findings, we uphold them.[7]

Pollard argues that his consent was not freely given because he was in custody at the time. He points to Blackard's testimony that, after seeing the marijuana remnants in Pollard's ashtray, he would have arrested Pollard for marijuana possession if Pollard had not consented to the search.

"It is true that in order for a consent to search to be valid, the consent must not be the product of an illegal detention."[8] Here, the evidence showed that Pollard willingly invited the officers into his home before they saw marijuana in plain view inside. Blackard testified that he did not tell Pollard that he was planning to arrest him if he did not consent to the search. In addition, Blackard testified that he informed Pollard that he could refuse the request to search. Under these circumstances, it is clear that even if Pollard was "in custody" when he gave consent, the consent was not the product of an illegal detention. The trial court did not err in finding that the consent was voluntary.

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED FEBRUARY 20, 2004.

*Vic Wiegand*, for appellant.

*Penny A. Penn, District Attorney, James A. Dunn, Assistant District Attorney*, for appellee.

---

[7] See *Smith v. State*, 262 Ga. App. 614, 621-624 (4) (585 SE2d 888) (2003); *Brown v. State*, 261 Ga. App. 351, 354-355 (582 SE2d 516) (2003).

[8] (Footnote omitted.) *Green v. State of Ga.*, 250 Ga. App. 440, 442 (2) (550 SE2d 736) (2001).