## A04A1001. THE STATE v. JONES.
### (604 SE2d 228)

MILLER, Judge.

The State appeals from the trial court's grant of Yewston Jones's motion to suppress evidence seized in connection with a possession of cocaine residue charge. The trial court suppressed the evidence. We agree and therefore affirm.

The record reveals that on May 29, 2003, a sergeant and an investigator from the Lowndes County Sheriff's Department were driving through a motel parking lot when the sergeant observed a man in the doorway of room 159 slam the door shut. With the investigator at his side, the sergeant knocked on the door and asked the woman who answered whether everything was "okay" inside. She replied that she was there to see a man. The sergeant saw a shadow blocking the light from the bathroom in the back of the motel room, and asked the woman whether that was the man she was there to see and if he could talk to him. She replied that she wanted "no part of whatever was going on." The sergeant then called out to the man in the back; in response, Jones "leaned out" of the bathroom. The sergeant asked to speak to him, at which Jones left the bathroom and walked toward the doorway where the two officers were standing. The sergeant told Jones that he was "suspicious" as to why he had shut the door so abruptly and gone back to the bathroom. The investigator then asked Jones if they could search his room. Jones said that he did not want them to do so.

After Jones refused consent to a search, the officers remained in the doorway. Jones then asked whether he could talk to the sergeant outside, walked out of the room toward the police car with the sergeant following, and motioned that officer toward him. He told the sergeant that he had "something in there" that he "wanted to tell [him] about." The sergeant replied, "Before we go in there[,] what is it[?]" Jones said that he had "a cocaine pipe in there." The sergeant asked him if they could "go in and get the pipe"; Jones said that they could. Both officers entered the room with Jones, found a pipe with what looked like cocaine residue wrapped in tissue paper in the

bathroom wastebasket, and went back outside. The sergeant then read Jones the *Miranda* warning. The officers left without arresting Jones, however, because they did not have the means of testing the pipe residue with them at the time. The sergeant tested the residue that night and determined that it contained cocaine. He obtained a warrant and arrested Jones the following day.

As in *State v. Fulghum*, 261 Ga. App. 594 (1) (583 SE2d 278) (2003), the trial court did not question the credibility of the sole witness (here, the police sergeant) at the hearing on the motion to suppress, but relied on his undisputed testimony to find that the officers had neither probable cause nor valid consent to enter Jones's motel room. Thus we review the trial court's application of the law to the undisputed facts de novo, examining the entire record to make an independent determination on the ultimate issue of voluntariness. See id.; *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994); *State v. Jackson*, 201 Ga. App. 810, 813 (2), n. 3 (412 SE2d 593) (1991), citing *Beckwith v. United States*, 425 U. S. 341, 348 (96 SC 1612, 48 LE2d 1) (1976).

The crux of this case is whether the cocaine residue found in the pipe was properly suppressed because Jones's consent to search his motel room was not "freely and voluntarily" given. *State v. Davis*, 261 Ga. 225, 226 (404 SE2d 100) (1991), quoting *Bumper v. North Carolina*, 391 U. S. 543, 548 (88 SC 1788, 20 LE2d 797) (1968).[1] "[I]n order to eliminate any taint from an involuntary seizure or arrest, there must be proof both that the consent was voluntary and that it was not the product of [an] illegal detention." *Pledger v. State*, 257 Ga. App. 794, 800 (572 SE2d 348) (2002), quoting *Brown v. State*, 188 Ga. App. 184, 187 (372 SE2d 514) (1988).

When he stepped out of his room to talk about "something in there," leading the sergeant away with him, Jones was still acting under the reasonable assumption that even if the officers were not going to leave him alone, they would not enter his room unless he consented. To him at that moment, the concept of consent was a meaningful one. There is no evidence, then, that Jones's alleged consent was the product of his detention, whether legal or not. See *Dean v. State*, 250 Ga. 77, 80 (295 SE2d 306) (1982) (confinement alone does not render consent involuntary).

---

[1] The State also argues that this case's entire sequence of events, from the sergeant's knock on Jones's door to his seizure of the cocaine pipe inside, does not amount to a detainment under *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968), and its progeny, and is therefore outside the compass of the Fourth Amendment. Since we find below that Jones's consent to search was not voluntary, we find it unnecessary to reach the issue of whether his detainment was illegal.

The only remaining question is whether, shortly after he had refused it, Jones gave the officers permission to search his room freely and voluntarily. If so, the State needed neither a warrant nor a show of probable cause to enter. *Dean*, supra, 250 Ga. at 80 (2) (a); *Hall v. State*, 239 Ga. 832 (238 SE2d 912) (1977). To justify a warrantless search on the grounds of consent, the State must prove that the consent was voluntary under the totality of the circumstances. *Pledger*, supra, 257 Ga. App. at 796-797, citing *Raulerson v. State*, 268 Ga. 623, 625 (2) (a) (491 SE2d 791) (1997), and *Schneckloth v. Bustamonte*, 412 U. S. 218, 229 (93 SC 2041, 36 LE2d 854) (1973).

The uncontradicted record shows that moments after Jones refused him entry and led him away from the room, the sergeant proceeded to create the impression that he and the investigator were going to search the room *notwithstanding* Jones's refusal of consent: "*Before we go in there*[,] what is it[?]" Since they had at this moment neither a warrant nor any grounds for obtaining one, the officers' creation of this impression immediately after Jones had refused them entry was inappropriate on their part. As the United States Supreme Court explained in *Bumper*, supra, and as this Court has also held,

> [o]rderly submission to law-enforcement officers who, *in effect*, represented to the defendant that they had the authority to enter and search the house, against his will if necessary, was not such consent as constituted an understanding, intentional and voluntary waiver by the defendant of his fundamental rights under the Fourth Amendment to the Constitution.

(Citation and punctuation omitted; emphasis supplied.) 391 U. S. at 549 (II), n. 14; see also *Code v. State*, 234 Ga. 90, 93 (III) (214 SE2d 873) (1975); *Fulghum*, supra, 261 Ga. App. at 595-596 (2); *Palmer v. State*, 257 Ga. App. 650, 653 (2) (572 SE2d 27) (2002). What the State terms Jones's "consent" was merely an "acquiescence to a claim of lawful authority," not consent itself. (Footnote omitted.) *Bumper*, supra, 391 U. S. at 549.

Since Jones did not freely and voluntarily consent to the warrantless search that yielded the evidence against him, the trial court properly granted his motion to suppress.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED AUGUST 30, 2004.

*J. David Miller, District Attorney, James B. Threlkeld, Benjamin T. Edwards, Assistant District Attorneys*, for appellant.

*Young, Thagard, Hoffman, Smith & Lawrence, John H. Smith, Jr., William L. Whitesell*, for appellee.