A05A0135. THE STATE v. KINSEY.
(613 SE2d 232)

JOHNSON, Presiding Judge.

Christopher Kinsey was charged by accusation with possession of cocaine and possession of cocaine with intent to distribute within 1,000 feet of a public housing project. He filed a motion to suppress evidence of the alleged cocaine, which a drug enforcement officer had found hidden inside the waistband of his pants. In his motion, Kinsey admits that he consented to a search of his pants, but claims that the consent was not freely and voluntarily given. The trial court granted Kinsey's motion on that basis. The state appeals, asserting that the trial court erred in finding that Kinsey's consent to the search was not free and voluntary. We agree with the state's assertion and thus reverse the trial court's granting of the motion to suppress.

---

At the suppression hearing, the sole witness was the sheriff's department corporal who found the suspected cocaine in Kinsey's pants. He testified that a reliable informant had told him that Kinsey, who is confined to a wheelchair, was selling cocaine from his house and that he kept the cocaine inside a slit in the waistband of his pants. The corporal, along with three other officers, went to the house. When they arrived, Kinsey and several other people were on the front porch. The corporal did not initially speak with Kinsey, but spoke with his mother, who rents the house. The corporal told her that they had received complaints about drug activity at the house and asked for permission to search it. The mother consented to a search of the house. The officers conducted the search, which took less than 30 minutes, but did not find any cocaine.

The corporal then asked Kinsey to come inside the home, told him about the information he had received and asked for permission to search the inside of his pants. Kinsey consented to the search, saying that he was physically unable to undo his pants, so the corporal would have to do it. The corporal undid Kinsey's pants and saw a plastic bag inside a slit cut into the waistband. He asked Kinsey what was in the bag, and Kinsey told him to pull it out. The corporal pulled that bag, along with another one, out of Kinsey's waistband. The two bags contained 3.3 grams of suspected cocaine.

Based on the corporal's testimony, the trial court found that Kinsey's consent was not voluntary. In support of this finding, the trial court cited the facts that there were four officers on the premises, that the home had been searched, that Kinsey was then instructed to come inside the house and asked for permission to search inside his pants, and that he was never told that he did not have to consent to a search.

In reviewing a trial court's decision on a motion to suppress, we must construe the evidence most favorably to uphold that decision.[1] And because the trial court sits as the trier of fact on a motion to suppress, its findings are like a jury verdict and will not be disturbed if there is any evidence to support them.[2] In the instant case, even when construed in favor of the trial court's decision, the evidence cited by the court does not support its finding that Kinsey's consent was not voluntary.

> A search based on voluntary consent eliminates the need for a search warrant or probable cause. The law does not require that a party be told of his right to refuse a search or

---

[1] *Pollard v. State*, 265 Ga. App. 749, 750 (595 SE2d 574) (2004).
[2] Id.

terminate a search. While giving such information may be considered, voluntariness is determined by the totality of the circumstances, including such factors as the age of the accused, his education, his intelligence, the length of detention, whether the accused was advised of his constitutional rights, the prolonged nature of questioning, the use of physical punishment, and the psychological impact of all these factors on the accused. No single factor controls.[3]

The record here reveals that at the time of the search Kinsey was 26 years old and had a ninth-grade education. He was not detained or subjected to prolonged questioning or physical punishment. Rather, he was at his home with his mother and others when officers lawfully came onto the premises, explained the basis for their suspicion and asked for permission to search. There is no evidence as to any negative psychological impact of these factors on Kinsey. On the contrary, the corporal testified, without contradiction, that Kinsey did not appear concerned about the request for permission to search and gave his consent freely and voluntarily.

Under the totality of the circumstances, we find that Kinsey's consent to the search was voluntary. Because there is no evidence to support the trial court's contrary finding that the consent was not voluntary, that finding is clearly erroneous. The trial court's suppression ruling based on that erroneous finding must be reversed.

*Judgment reversed. Ruffin, C. J., concurs. Barnes, J., concurs in the judgment only.*

DECIDED APRIL 12, 2005.

*Ralph M. Walke, District Attorney, Joseph L. Chambers, Assistant District Attorney*, for appellant.
*George C. Tapley*, for appellee.

---

[3] (Citations and punctuation omitted.) *Martinez v. State*, 239 Ga. App. 662, 663 (522 SE2d 53) (1999).