## A08A1225. THE STATE v. HOLLOWAY.
(670 SE2d 208)

BERNES, Judge.

Quantellius Holloway was charged with trafficking in cocaine and possession of cocaine with intent to distribute in violation of the Georgia Controlled Substances Act. Holloway filed a motion to suppress the drug evidence, alleging that the evidence was obtained during a police search conducted without voluntary consent. The trial court granted Holloway's motion, from which the state appeals. We discern no error and affirm.

> In reviewing a trial court's decision on a motion to suppress, we must construe the evidence most favorably to uphold that decision. And because the trial court sits as the trier of fact on a motion to suppress, its findings are like a jury verdict and will not be disturbed if there is any evidence to support them.

(Footnotes omitted.) *State v. Kinsey*, 272 Ga. App. 723, 724 (613 SE2d 232) (2005).

So viewed, the record reflects that the only witness who testified at the suppression hearing was a DeKalb County police officer who discovered the alleged drug evidence during the encounter. The officer testified that on the date of the incident, he and a fellow officer responded to a dispatch call reporting a suspicious person allegedly selling narcotics at the residence of Jolanda Paul. When the officers arrived at the residence, they observed Ms. Paul, Holloway, and their children standing on the front porch. The officers informed Ms. Paul and Holloway that they were there to investigate a report of drug selling activity at the residence. Ms. Paul denied the allegation and gave the officers consent to search the house.

The officers observed a vehicle parked in the driveway and also requested consent to search the vehicle. Holloway told the officers that Ms. Paul was the primary driver of the vehicle, but that it was registered in his name. According to the officer, Ms. Paul "pretty much" consented to the search of the vehicle and also "pretty much advised that she did see a bag containing a white substance in [the glove compartment of] the vehicle." The officer did not ask for Holloway's consent to search the vehicle. Holloway nonetheless voiced no objection to the search.

The officer testified that after obtaining Ms. Paul's consent, the officers removed the K-9 dog from the patrol car and began a free air search around the vehicle. The dog alerted to the vehicle's glove compartment, from which the officers removed a bag containing the suspected cocaine evidence.

After Holloway was charged with the drug offenses, he filed a motion to suppress the drug evidence, alleging that Ms. Paul's consent to the search was involuntary. Following a hearing, the trial court granted the motion and this appeal ensued.

> In a consent search, the burden is on the State to demonstrate that the consent was voluntarily given, and not the result of duress or coercion, express or implied. Whether an individual's consent is, in fact, voluntary, is to be determined from the totality of all the circumstances under which consent was given.

(Punctuation and footnotes omitted.) *State v. Baker*, 261 Ga. App. 258, 260 (582 SE2d 133) (2003). "[W]e are required to scrutinize closely an alleged consent to search." (Footnote omitted.) *Hollenback v. State*, 289 Ga. App. 516, 519 (657 SE2d 884) (2008).

The trial court granted the motion to suppress based upon its findings that the officer's testimony describing the encounter was nebulous and lacked credibility. The trial court's decision was authorized.

The state rested entirely upon the testimony of one officer. The record indicates that the officer testified affirmatively and consistently in parts of his testimony, but was vague and uncertain in other parts. Significantly, when the officer was cross-examined regarding the critical issue of Ms. Paul's consent, he testified vaguely that Ms. Paul "pretty much" gave her consent. After having had the opportunity to hear the officer and observe his demeanor while testifying, the trial court determined that the officer's testimony and description of the events was uncertain and disingenuous.[1]

> [T]he credibility of the witnesses and the weight to be accorded their testimony rest with the trier of fact, who is under no obligation to believe a witness, even in the absence

---

[1] The officer prefaced his statements with the phrase "pretty much" during several parts of his testimony. The state argues that the officer's manner of communicating was no more than a "verbal tic" and "sentence filler." But, the trial court had the opportunity to hear the officer and observe his demeanor at the hearing. The trial court was therefore authorized to conclude that the officer's testimony was uncertain, and this court has no authority to substitute its judgment for that of the trial court regarding this issue. *State v. Hanson*, 243 Ga. App. 532, 537 (532 SE2d 715) (2000); *State v. Smith*, 134 Ga. App. 602 (215 SE2d 345) (1975).

of contradictory testimony. The factfinder may accept part of a witness' testimony and reject another part, and in the absence of evidence of record demanding a finding contrary to the judge's determination, the appellate court will not reverse the ruling sustaining a motion to suppress.

(Citation and punctuation omitted.) *State v. McKinney*, 276 Ga. App. 69, 74 (1) (622 SE2d 429) (2005). Because the evidence does not demand a finding contrary to the trial court's determination, we must affirm the decision granting the motion.

*Judgment affirmed. Ruffin, P. J., and Andrews, J., concur.*

DECIDED NOVEMBER 19, 2008 — 

*Gwendolyn Keyes Fleming, District Attorney, Leonora Grant, Assistant District Attorney*, for appellant.

*Ryan A. Meck, Gerard B. Kleinrock*, for appellee.